# Aycock, Admr. v. Johnson, Executrix.

119 405
f 127 279

*Action on Promissory Note.*

1. *Statute of non-claim; act of Dec. 9, 1896, construed.*—The act of Dec. 9, 1896, (Code of 1896, §130), amending the former statute of non-claim, and fixing twelve months as the time within which claims must be presented, operates prospectively only, upon all claims, whether they accrued prior or subsequent to its enactment but not so as to allow a longer period than

[Aycock; Admr.· v. Johnson, Executrix.]

eighteen. months to claims which had accrued during the existence of the former statute.

2. *Illustration; when. amended statute cannot ·be pleaded.*—If the former statute of·eighteen months had been running'against a claim for less than six months, when the amendatory statute was enacted, such. time would. not .be computed as a part of the. twelve months allowed by the amended statute, but the party would be allowed twelve months after its enactment; but if the statute of eighteen months had been running more than six months, the amended act would not give the holder of the claim twelve additional months within which to present his claim, nor could the latter act be pleaded in ·bar because the claim had not been presented in twelve months. The. holder of the claim would be allowed the·benefit of the statute of eighteen months, but not a longer period.'

3. *Relevancy .of evidence; construed in the light or all the evidence.*—There is no error in the admission of testimony, which, standing alone, does not appear to be relevant, but when considered in connection with the other evidence, its relevancy becomes apparent.

4. *Presentation, when sufficient.*—Where the evidence shows, that a · demand was made upon an administrator as such to pay certain notes, ·described by naming the makers merely and the amount due thereon, and it is shown the administrator knew · what claims were referred to, and by whom they were held, is a sufficient presentation.

APPEAL from Colbert Circuit Court. ,

Tried before Hon. THOS. R. ROULHAE.

This action was brought September 1, 1897, by the appellee, Kate M. Jchnson, as executrix of the estate of W. A. Johnson, deceased, against the appellant, Robert Aycock, as administrator·of the·estate of John Aycock, deceased.

The complaint counted upon two notes, under seal, executed by the defendant's intestate and one H. T. Cullender, on February 16, 1889, and payable one day after date to the order of W. A. Johnson. The defendant pleaded the general issue and two special pleas. The first of these special pleas set up the fact that the note or bonds described in the complaint were not presented to the defendant, nor a statement thereof filed, nor said claims docketed in the office of the judge of probate of Colbert County, Alabama, "within eighteen months after the granting of letters of administration to the defendant; or within eighteen months from the 25th day

of February, 1896; or within eighteen months after the accrual of said claims."

The second plea set up that said notes or bonds had not been presented to the defendant, or a statement thereof filed, or said claims docketed in the office of the probate judge of Colbert County, Alabama, "within twelve months after the granting of letters of administration to the defendant, or within twelve months from the 25th of February, 1896, or within twelve months after the accrual of said claims."

The plaintiff moved to strike from the file the second plea, because section 2081 of the Code of 1886 governed said case, and not the act approved December 9, 1896, amendatory of said section 2081. The court sustained this motion, struck the second plea from the file, and to this action of the court the defendant duly excepted.

The plaintiff introduced in evidence the two notes sued upon, each of which were signed by H. T. Cullender and John Aycock. The plaintiff then introduced as a witness one W. E. Aycock, who testified that the plaintiff, some time in the spring of 1897, told him to see the defendant and tell him that she wanted the defendant to come and see her about the Aycock and Cullender notes; that he saw the defendant, Bob Aycock, a short time afterwards and told him what Mrs. Johnson had requested him to do; but that he did not remember what the defendant said about the notes. The defendant moved to exclude this evidence, because it was irrelevant, illegal and immaterial. The court overruled this motion and allowed the evidence to go to the jury, and to this action of the court the defendant duly excepted. This witness, on cross-examination, testified that he never saw the notes, nor did he show them to the defendant; that he did not know the amount of them, and did not know how many there were; and that Mrs. Johnson did not tell him whether the notes belonged to her individually, or as executrix of the estate of W. A. Johnson. Upon this witness so testifying, on cross-examination, the defendant moved to exclude the testimony of said witness from the jury, because it failed to show any presentation of the claim by the plaintiff, and because it was irrelevant and immaterial; but the court overruled said motion, and to this ruling the defendant duly excepted.

Dick Johnson, a son of the plaintiff, was introduced.

and testified that he was given authority by his mother to collect the notes, and that as soon as the defendant was appointed administrator of John Aycock's estate he requested him to pay the Aycock and Cullender notes, and in April, 1897, he told the defendant he would give him sixty days to pay the amount thereof, and save the necessity for a suit; that he told Aycock, the defendant, that the notes amounted to $800 on their face, but there were several credits. That the defendant requested him to make a statement of the amount due on the notes, and in April requested him to write him what was the amount due thereon. That in June, 1897, he wrote a letter to the defendant giving him the amount due according to his calculation of the interest, and demanded the payment of the two notes as soon as possible, and therein notified him as administrator that he would file the claim in a week. This witness further testified that in a conversation with the defendant, the latter told him that he, the witness, could rest easy, and that he would see Cullender and fix the matter up; that subsequently the defendant paid the witness $65 on the notes, which the witness credited thereon. This witness further testified that he told the defendant that he wanted to collect the notes for his mother as executrix of the estate of W. A. Johnson; and that the notes belonged to his mother, as executrix.

The defendant, Robert Aycock, as a witness, testified that he was appointed administrator of his father's estate on February 27, 1896; that he paid the $65 credited on said notes, as testified to by the witness, Dick Johnson, but that Cullender gave him the money; that Dick Johnson had mentioned the notes to him, but that he told Johnson he could not do anything with them then; that he never had any conversation with the plaintiff, Mrs. Johnson, but that W. E. Aycock spoke to him in the spring of 1897, and told him that Mrs. Johnson said that she wanted to see him about the Aycock and Cullender notes; that W. E. Aycock never told the defendant the amount of the notes, nor the date, but simply told him that Mrs. Johnson wanted to see him about the Aycock and Cullender notes. This witness further testified that when Dick Johnson spoke to him about the notes, he did not say whether he represented his mother, or whether the notes belonged to him; that from his letter, he inferred that they belonged to Dick Johnson, as he had

[Aycock, Admr. v. Johnson, Executrix.]

never been told in conversation whether the notes, re-
ferred to belonged to him individually or to his mother
as executrix of the estate of W. A. Johnson, or whether
they belonged to Mrs. Johnson individually. That he
never agreed to pay the notes sued upon, as administra-
tor, and had never made any payment on the same, as
administrator. On cross-examination, this witness testi-
fied that he did not know how many of the Cullender and
Aycock notes there were; that he did not know what
notes were referred to by the Aycock and Cullender
notes; that when W. E. Aycock spoke to him about them
that he supposed Mrs. Johnson owned them, and that
they were the same notes sued on; that he did not know
anything about Mrs. Johnson being the executrix; and
that he supposed the notes Mrs. Johnson held and
wanted to see him about were the same notes that Dick
Johnson spoke to him about.

In answer to questions from plaintiff's counsel as to
what he understood from the message delivered to him by
W. E. Aycock from Mrs. Johnson, he answered, that he
understood that she wanted to see him about the notes
made by Cullender and his father to W. A. Johnson, and
that he never knew of any other. When asked if he did
not know that the plaintiff was the executrix, and had
charge of her husband's estate, he answered: "Yes, I
suppose I did." Upon being asked if he did not know
and understand that when Dick Johnson spoke to him
about the notes that they were the ones about which Mrs.
Johnson sent him the message by W. E. Aycock, the de-
fendant, as a witness, answered, "Yes, I suppose they
were the ones, I never heard of any other."

Upon the introduction of all the evidence, the court, at
the request of the plaintiff, gave the general affirmative
charge in her behalf, and to the giving of this charge the
defendant duly excepted.

There were verdict and judgment for the plaintiff.
The defendant appeals, and assigns as error the several
rulings of the trial court to which exceptions were
reserved.

W. P. & W. L. CHITWOOD, for appellant.—The act of
December 9, 1896, related to the remedy merely, and ap-
plied to existing causes of action.—*Goodlett v. Kelly,* 74
Ala. 213; *Coosa River Steamship Co. v. Barkley & Hen-*

[Aycock, Admr. v. Johnson, Executrix.]

*derson*, 30 Ala. 120; 23 Am. & Eng. Encyc. Law, 450-1-2.
The burden was on plaintiff to prove presentment. The
evidence was in conflict, and the defendant's evidence
failed to show a legal presentment. The affirmative
charge for plaintiff should not gave been given.—*Mitch-
ell v. Lea*, 57 Ala. 46; *Smith v. Fellows*, 58 Ala. 473; *Bibb
v. Mitchell*, 58 Ala. 657; *Allen v. Elliott*, 67 Ala. 432;
*McDonald v. Jones*, 58 Ala. 25; *Owen v. Corbett*, 57 Ala.
92; *Hallett v. Branch Bank*, 12 Ala. 193; *Flinn v. Shack-
legord*, 42 Ala. 202; *Payne v. Burtlett*, 101 Ala.193; 5
Am. & Eng. Encyc. of Law, 217-8-9.

KIRK & ALMON, *contra.*—The statute of non-claim of
eighteen months applies to the case. The suit was
brought within less than twelve months of the amenda-
tory act, and if it could apply, it was no defense in this
case, and was properly striken from the file. It was only
necessary for the plaintiff to prove that the nature and
amount of the claim was brought to the attention of the
defendant by some one authorized, and notified, ex-
pressly or impliedly, that the estate was looked to for
payment. Defendant admitted a presentation and the
affirmative charge was properly given.—*Bridges v. T. C.,
I & R. R. Co.*, 109 Ala. 287; *Davidson v. State*, 63 Ala.
432; *Scarborough v. Malone*, 67 Ala. 570; *Smith v. Fel-
lows*, 58 Ala. 472; *Pharis v. Leach*, 20 Ala. 662; *Pollard
v. Scears*, 28 Ala. 487.

COLEMAN, J.—The appellee, as administratrix of
the estate of W. A. Johnson, brought suit upon a prom-
issory note, against the appellant, as administrator of
the estate of John Aycock. It is not controverted that
defendant's intestate executed the note sued upon. The
defendant pleaded the statute of non-claim of twelve
months and of eighteen months. The suit was instituted
on the 1st day of September, 1897. Neither of said pleas
of non-claim are technically correct, in the averment that
the claim sued upon was not presented within eighteen
months, or within twelve months from the 25th day of
February, 1896. There is nothing in the complaint or
the plea from which can be determined the pertinency
or relevancy of the 25th day of February, 1896. We find
from the bill of exceptions that letters of administration
were granted the defendant the 27th of February, 1896.

The plea ought to have averred a further fact, giving the date of the grant of letters of administration, and thereby have shown the materiality of the averment that the claims were not presented within the time mentioned from the date of the grant of letters of administration. Prior to December 9th, 1896, the statute of non-claims required the presentation of claims within eighteen months. By statute of that date (see Acts, 1896-97, p. 156), the former statute was amended, and twelve months fixed as the time within which claims must be presented.—Code, 1896, §130. The question intended to be presented for review by this appeal is, whether or not the present statute acted retroactively and barred the plaintiff's right to recover. As shown by the facts stated above, the suit was instituted within less than twelve months after the enactment of the present statute. Our construction of the statute is, that it operates prospectively only, upon all claims, whether they accrued prior or subsequent to its enactment, but not so as to allow a longer period than eighteen months to claims which had accrued during the existence of the former statute. To illustrate: If the statute of eighteen months had been running against a claim for one month, when the amendatory statute was enacted, the one month would not be computed as a part of the twelve months allowed by the amended statute, but the party would be allowed twelve months after its adoption. On the other hand, if the statute of eighteen months had been running against a claim for fifteen months, the amended act would not give the holder of the claim twelve additional months within which to present his claim, nor could the latter act be pleaded in bar, because the claim had not been presented within twelve months. The holder of the claim would be allowed the benefit of the statute of eighteen months, but not a longer period. As the suit was instituted within less than twelve months after the present statute was enacted, the plea of the statute of twelve months, without further averments than those contained in the plea, presented no defense to the action.—*Rawls v. Kennedy,* 23 Ala. 240.

There was no error in admitting the testimony of the witness, W. E. Aycock. Standing alone, its relevancy might not be apparent, but considered in connection with the other evidence in the case, and especially in connec-

tion with that of the defendant elicited on his cross-examination, there can be no doubt of its relevancy and materiality.

After the evidence had closed, the court gave the affirmative charge for plaintiff as to the defendant's plea of the statute of non-claim of eighteen months. The law has been so often declared as to what constitutes a presentment, we deem it unnecessary to repeat it. See decisions collected under section 130 of the Code of 1896.

While there is some conflict as to the number of conversations had between the witness Johnson and the defendant, and some conflict as to some facts in the case, the uncontroverted facts show a legal presentment of the claim to the defendant. There is no error in the record.

Affirmed.