[Morrisett, Executor, v. Carr.]

# Morrissett, Executor *v.* Carr.

## *Action of Assumpsit.*

1.  *Statute of non-claim; construction of amendment of said statute.*—The act of the General Assembly, approved December 9, 1896, (Code, § 130), amending the former statute of non-claim, and fixing twelve months as the time within which claims against the estate of a decedent must be filed and presented, operates only prospectively upon all claims, whether they accrued prior or subsequent to its enactment; and claims against which the former statute had begun to run before the passage of said amendatory act, may be filed and presented within the period fixed by the former statute, provided, however, they are filed within twelve months after the passage of the act amending the former statute.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action of assumpsit brought by the appellee, G. W. Carr, against E. P. Morrissett, as executor of B. L. Barksdale, deceased; and sought to recover an amount alleged to be due the plaintiff from the defendant's testator. The complaint contained the common counts.

The defendant pleaded the general issue and the following special pleas: "5. Defendant says that the plaintiff's claim here sued on was not presented within twelve months after the same had accrued or within twelve months after letters on said B. L. Barksdale estate had been granted to defendant."

"6. For further answer to plaintiff's said action, defendant says that letters testamentary upon the estate of B. L. Barksdale, deceased, defendant's testator, were issued by the probate court of Montgomery county, Alabama, on the 24th day of December, 1895, and that the claim here sued on was then accrued and was never presented to him nor was said claim or a statement thereof filed in the office of the judge of pro-

[Morrisett, Executor, v. Carr.]

bate of said county before the twentieth of January, 1897, though said plaintiff resided continuously in the interval between said dates, within about four miles of the court house of Montgomery county, and had a reasonable time and convenient opportunity to have presented said claim, after the 9th day of December, 1896, and before the 24th day of December, 1896."

The judgment entry recites that the court sustained the demurrers interposed to these special pleas, but the demurrers are not set out in the record.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the sustaining of the demurrer to the special pleas as set out above.

E. P. MORRISSETT, for appellant.

W. W. PEARSON, contra.

SHARPE, J.—Before the act of December 9, 1896, the time allowed by statute for presenting or filing claims against a decedent's estate, was eighteen months from the accrual of the claim or from the grant of letters testamentary or of administration. The act referred to amended the former statute by changing that period to twelve months.—Code, § 130.

The pleas we are considering do not negative the fact that the claim in suit was filed within the time prescribed by the former statute and within twelve months after it was amended. They do show that before the claim was filed or presented more than twelve months had elapsed after it had accrued and after the grant of letters.

The rule applicable generally to statutes of limitations is that unless otherwise expressly provided they are prospective in operation, and do not retroact so as to commence the period allowed for pursuing remedies at a time prior to the statute which prescribes it. *Ivey v. Blum*, 53 Ala. 172; *Rawles v. Kennedy*, 23 Ala. 240.

As to past as well as future contracts, a previously prescribed limit for proceeding in their enforcement, may be curtailed without offending the constitution provided a reasonable time be left for so proceeding. *Martin v. Martin,* 35 Ala. 567; *Terry v. Anderson,* 95 U. S. 632.

In *Aycock v. Johnson,* 119 Ala. 405, these principles were applied to the present statute of non-claim, and in effect was held that the twelve months period fixed by the amendment referred to extended only prospectively from the passage of the amending statute; and that claims against which the former statute had theretofore begun to run might be filed or presented within the period fixed by the former statute, not later, however, than twelve months after it was amended.

In consonance with the decision in *Aycock's Case,* which we think is undoubtedly correct, it must be held that the appellee's claim was kept alive by the former provision of the statute which was not repealed and which, as to this claim, stood unaltered by the amendment.

The demurrers sustained by the trial court do not appear in the record, but it will be presumed they were on proper grounds.

Judgment affirmed.