# Doe ex dem. Trotter v. Moog.

## Ejectment.

(Decided April 17, 1907. 43 So. Rep. 710.)

1. *Taxation; Tax Deed; Effect as Evidence; Preliminary Proof.*—A defendant in ejectment may introduce a tax deed as evidence to support the defense of the statute of limitations of three years without proof of its validity.

2. *Ejectment; Right of Recovery; Adverse Possession.*—In common law ejectment the plaintiff's right of recovery on showing legal title in a person in whom a demise is laid is not defeated by proof that defendant was in the subsequent adverse possession of the land at the time the person in whom the demise was laid conveyed to plaintiff.

3. *Taxation; Tax Deeds; Actions to Contest; Limitation.*—Section 606, Code 1886, (Section 4089, Code 1896) having been omitted from the provisions of the act approved February 9, 1895 (Acts 1894-5, p. 488) three years' possession under a tax deed executed by the auditor does not bar a suit begun for lands thus

[Doe ex dem. Trotter v. Moog.]

conveyed after three years from the date of the auditor's deed.

4. *Same; Validity; Statutes.*—Neither the Code of 1896 nor the act approved Feb. 9, 1895, (Acts 1894-5, p. 488) gives to a deed made by the auditor under the provisions thereof the probative force of a deed made by a judge of probate on a regular tax sale and the auditor's deed does not establish prima facie a sale of the property for taxes.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by John Doe, on the demise of Julia Trotter, against Delphine Moog. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

BESTOR, BESTOR & YOUNG, for appellant.—Fraud practiced on the grantor in the procurement and execution of a deed renders the deed void.—*Mordecai v. Tankersly,* 1 Ala. 100; *Shelby Iron Co. v. Ridley,* 135 Ala. 513. Appellee cannot, therefore, claim as a bona fide purchaser for value.—*Wood v. Holly Mfg. Co.,* 100 Ala. 352. Recitals in tax deeds are not evidence unless made so by statute.—4 Mayf. Dig. 921; Cooley on Taxation 353. The burden is upon the party claiming under a tax title to show that the statutes leading up to the sale have all been complied with.—*Johnson v. Harper,* 107 Ala. 706; *Smith v. Cox,* 115 Ala. 503; Acts 1894-5, p. 488.

ERWIN & MCALEER. for appellee.—A deed executed while another is in adverse possession is void as to him. —*Murray v. Hoyle,* 92 Ala. 563. Where the plaintiff in ejectment has no title a cause will not be reversed even though error has been committed.—*McClellan v. Lipscomb,* 56 Ala. 255 . Defendant was a purchaser at the tax sale.—*Cobb v. Vary,* 120 Ala. 266.

SIMPSON, J.—This was an action of ejectment, brought by the appellant against the appellee for the recovery of lot 19, in square 28, of the Fisher tract, in Mobile. The plaintiff produced in evidence deeds from Pope to Armant, February 19, 1880; Armant to McDonald, August 11, 1886; Armant to Espalla, July 2,

1887; and Espalla to Tyler (plaintiff's former name), August 13, 1888—all conveying lot 20; also deed from Armant to plaintiff, March 18, 1904, conveying lot 19. Plaintiff also introduced copies of quitclaim deeds from Armant to Lott, November 7, 1896, and Lott to defendant, July 23, 1897, both conveying lot 13.

Appellant contends that the deed from Armant to Lott was fraudulent and void; also that the court erred in admitting a tax deed held by defendant from the auditor, which was offered merely for the purpose of bringing in the defense of the three-year statute of limitations. The introduction of the deed being for this limited purpose, it was necessary to prove its validity, and it was properly admitted.—*Reddick et al. v. Long*, 124 Ala. 261, 27 South. 402; *Carter v. Chevalier*, 108 Ala. 563, 19 South. 798.

The appellee claims that, as the evidence and admissions in the bill of exceptions show that the defendant was in the adverse possession of the lot in question at the time of the conveyance by Armant to the plaintiff, the deed was void as to the defendant, and therefore the plaintiff could not recover. If this were statutory action of ejectment, there would be force in this suggestion; but it is a common-law action of ejectment, in which the plaintiff may recover by showing the legal title in any one of the persons in whom a demise is laid. —*Stringfellow v. Tenn., C., I. & R. Co.*, 117 Ala. 250, 252, 22 South. 997; *Gidden v. Doe ex dem. Andrews*, 10 Ala. 167; *Etowah Mining Co. v. Doe ex dem. Carlisle*, 127 Ala. 663, 666-667, 29 South. 7. The plaintiff laid one of the demises in Adolph Armant (the common source of title) on the 1st day of November, 1896. The subsequent adverse possession cannot prevail against this demise.—*Harvey v. Doe ex dem. Carlisle, et al.*, 23 Ala. 635. 638.

The bill of exceptions shows that the court, after admitting the tax deed as color of title, "rules that said statute of limitations of three years, as provided for in said section 4089 (of the Code of 1896), was applicable to the tax sale referred to in said tax deed, and under which said tax deed was executed, and that three years'

possession under said tax deed was sufficient to bar said suit." The plaintiff excepted to this ruling and took a nonsuit. Section 4089 of the Code of 1896 (section 606 of the Code of 1886) provides that "no action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor," etc. On the 9th of February, 1895, (Acts 1894-95, p. 488), the act was passed to dispose of lands which had been or should thereafter be sold for taxes and bid in by the state and not redeemed. Said act provides for the sale to be made by the probate judge and the deed to be executed by the auditor. Section 8 (page 491) of said act provides that "in case of litigation to recover, or defend possession acquired under such deeds the parties to such suits shall have all the rights and rest under all the disabilities given and imposed by sections 597, 600, 601, 602, 603, of the Code of Alabama" (referring to the Code of 1886). Appellant claims that, as this act specially mentions the sections of the Code, the rights, remedies, and benefits of which are conferred on purchasers at such sales, and omits section 606 of the Code of 1886 (corresponding to section 4089 of the Code of 1896), said section, fixing the statute of limitations of three years, does not apply. Under our decisions, statutes of limitations affect the remedy, and, unless the act creating the limitation specifically shows a contrary intention, the statute of limitation existing at the time of trial applies.—*Henry and Wife et al. v. Thorpe et al.*, 14 Ala. 103, 112, 113; *Martin v. Martin,* 35 Ala. 560, 567. So, as the provisions of the act of 1895 have, with certain changes, been re-enacted in the Code of 1896, it becomes necessary to examine the provisions of that Code on this subject.

While section 4102 of the Code of 1896 does provide that purchasers "shall be clothed with all the rights, powers and remedies, as to acquiring possession, or, if acquired, as to defending the same, as if he had purchased such lands at the sale made by the tax collector and had obtained a deed therefor as authorized by law," yet it refers to lands sold "as provided in the two pre-

ceding sections," and said two preceding sections make such changes in the manner of selling that we cannot say that the sale in question was made as provided in said sections. Consequently the defendant is thrown back on the act of 1895, and as that act mentions specifically the sections of the Code of 1886, which are made applicable, and omits section 606, the statute of limitations of three years does not apply. It may be said, also, that neither the act of 1895 nor the Code of 1896 gives to the deed of the auditor the same probative force as a deed made by the probate judge on a regular tax sale, so that the admission of the deed as color of title did not establish prima facie the fact of a sale of the property for taxes.—*Reddick et al. v. Long*, 124 Ala. 261, 265, 27 South. 402. Consequently the court erred in its ruling that section 4089 was applicable, and that three years' possession under the tax deed in question was sufficient to bar said suit.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.