(100 So. 460)

### NATIONAL SURETY CO. v. MORGAN.
### (3 Div. 472.)

(Court of Appeals of Alabama. Dec. 4, 1923. Rehearing Denied Jan. 15, 1924. Reversed on Mandate June 10, 1924.)

**1. Licenses ☞8(2)—Act concerning sales of stock and security held complete substitute for former statute.**

Act Oct. 1, 1920 (Acts 1920, p. 60), was intended as a complete substitute for all provisions of Act Sept. 29, 1919 (Acts 1919, p. 946), relating to sales of stock and securities in state.

**2. Limitation of actions ☞4(1) — Legislature may establish new limitation where none existed before.**

Legislature may establish a new limitation where none existed before and make it apply to a cause of action against which there was no such statute when the right was created, and it may also change existing statute and shorten periods of limitation, provided a reasonable time is allowed for action to be brought.

**3. Limitation of actions ☞6(11)—When limitations begin to run where statute is changed.**

Where a statute of limitations is changed before it becomes a bar and a different period prescribed, time that has expired is to be excluded, and full term fixed by new law must elapse after its passage before bar is completed.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on surety bond by J. D. Morgan against the National Surety Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Certiorari granted by Supreme Court in Ex parte Morgan, 211 Ala. 360, 100 South. 462.

Ball & Beckwith, of Montgomery, and Percy, Benners & Burr, of Birmingham, for appellant.

Code 1907, §§ 2473, 2489, have no application to this bond, and suits thereon are governed by the common law. Appellee had no right to sue in his own name, not being the obligee. 3 Encyc. Pl. & Pr. 639; Morrow v. Wood, 56 Ala. 1; Smith v. Mutual Ass'n, 102 Ala. 282, 14 South. 625; Ala. Power Co. v. Hamilton, 201 Ala. 62, 77 South. 356; Nat. Surety Co. v. Citizens' Co., 201 Ala. 456, 78 South. 834. The act of 1919 became functus officio upon approval of the act of 1920; the later act controlled appellee's claim, and it was barred. Wood v. Fort, 42 Ala. 641; Young v. Pollak, 85 Ala. 444, 5 South. 279; Turnipseed v. Jones, 101 Ala. 595, 14 South. 377; 25 Cyc. 994; Martin v. Martin, 35 Ala. 560; Trotter v. Moog, 150 Ala. 460, 43 South. 710; Birmingham v. Doster-Northingham Drug Co., 207 Ala. 542, 93 South. 475; Dickson v. Ala. M. & S. Co., 206 Ala. 698, 89 South. 922; Henry v. Thorpe, 14 Ala. 103; Cox v. Davis, 17 Ala. 714, 52 Am. Dec. 199; Lamb v. Powder River Co., 132 Fed. 434, 65 C. C. A. 570, 67 L. R. A. 558; 36 Cyc. 1078; Edson v. State, 134 Ala. 50, 32 South. 308; Prowell v. State, 142 Ala. 80, 39 South. 164.

Brassell & Brassell and Robert G. Arrington, all of Montgomery, for appellee.

Statutes of limitation will not be given a retroactive effect, unless it clearly appears that the Legislature so intended. 25 Cyc. 991; Bradford v. Barclay, 42 Ala. 376; Lewis' Sutherland, Stat. Const. (2d Ed.) 1286; Osborne v. Lindstrom, 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516. The statute in terms provides for suits by injured parties upon the bond.

SAMFORD, J. Under an act of the Legislature approved September 29, 1919, Acts 1919, p. 946, entitled an act to prevent frauds and impositions upon the people of the state and to protect investors, the Mid-Texas Petroleum Corporation qualified to sell its stock and securities in this state and, as a part of the things necessary to be done in order to qualify, executed a bond payable to the state of Alabama, in the sum of $10,000, and conditioned according to the terms of section 3 of the above act. This bond was signed by this defendant as surety and was approved and filed March 25, 1920. On August 31, September 1, and September 5, 1920, the plaintiff purchased from the Mid-Texas Petroleum Corporation an aggregate of 350 shares of its stock, paying therefor $700. It is then alleged that the Mid-Texas Company breached the terms of said bond in three particulars, to wit:

"(a) That said Mid-Texas Petroleum Corporation did not then own oil and gas leases to 19,525 acres of lands.

"(b) That the said Mid-Texas Petroleum Corporation did not then own two producing oil wells in lots 8, 9, and 10, block 72 Red River Lands, Wichita county, Tex., in what is known as the Burk Burnet Oil Fields.

"(c) That said Mid-Texas Petroleum Corporation did not at the time of the filing of said application, and for a time thereafter, have and own oil production of 2,700 barrels of oil per day."

Proper and sufficient allegations of fraud are made making the plaintiff a beneficiary under the terms of the bond.

The defendant demurred to the complaint on the ground that the plaintiff has no right to maintain the suit in his own name, and by plea that the action is barred by the statute of limitation of one year. These two questions being vital to the issues, other assignments are not passed upon specifically on this appeal.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Under the Act of 1919, § 3, it is provided:

"Any person who shall be induced to purchase any stock of any corporation," etc., "by reason of any misrepresentation or concealment of any material facts concerning such stock, shall have the right * * * to bring suit upon the bond herein provided for, and such bond shall stand as security and indemnity for such person so purchasing," etc.

There is an act of the Legislature on this same subject adopted October 1, 1920, Acts 1920, p. 60, and in section 3 of said act is found this provision:

"Any person who shall be induced to purchase any stock of any corporation," etc., "by reason of any misrepresentation or concealment of any material facts concerning such stock, shall have the right at any time within twelve months thereafter to bring suit upon the bond hereinabove provided for, and such bond shall stand as security and indemnity for such person so purchasing," etc.

As the authorization of suit in both acts is substantially the same, except as to the time limit, we do not in this connection enter into a discussion of the effect of the later statute on original enactment. The bond referred to in both acts is payable to the state of Alabama in an amount to be fixed by the state authorities, and in this case is $10,000; and is conditioned upon the honesty and good faith of the principal in dealing with citizens of this state, in the sale of stock, securities, etc. The bond declared on is not an official bond so as to be governed by section 2473 of the Code of 1907, nor does the bond in this case come under the influence of Code 1907, § 2489, as being a bond for the payment of money. The bond is to guarantee the good faith and honesty of the Mid-Texas Petroleum Corporation and to secure the payment of such damages as may accrue by reason of a breach, and if no breach should occur the obligation ceased. Skinner v. Bedell, 32 Ala. 44; Morrow v. Wood, 56 Ala. 1–4; Gov. v. Gantt, 1 Stew. 388; Perkins v. Moore, 16 Ala. 9; Chaudron v. Fitzpatrick, 19 Ala. 649. The two Code sections above cited are, however, persuasive of the proposition that, where the universal common-law rule that "actions on contracts, whether for the payment of money, or the performance of a duty —whether expressed or implied; by parol or under seal, or by matter of record—must be prosecuted by the party having the legal title, irrespective of equitable or beneficial interest," is changed by statute, the right of suit in the party beneficially interested will be clearly and definitely stated. For instance in section 2473, "The person aggrieved may sue in his own name," and in section 2489, "must be prosecuted in the name of the party really interested, whether he has the legal title or not." These common-law rules have grown up and been preserved as the result of centuries of experience in the admin-

istration of justice; and while advancement and changed conditions sometimes require a change in order to meet existing business relations, such changes should not be lightly treated or implied, unless the language of the statute itself plainly indicates the legislative intent. The instant case serves as a striking illustration of the above observation of the court. The penalty of the bond is $10,000; it is for the security of all citizens of the state who may be injured by a breach of its conditions; the possibility of injury runs into the thousands of dollars. If each beneficiary may sue in his own name, to the exclusion of all others, it would be possible for one party to reap the entire benefit of the bond to the exclusion of all others. The statute does not so read and could not have been so intended. The obligation runs to the state, and the statute gives to any party damaged a right to suit in the name of the state; the state being in the nature of a trustee holding a trust for the benefit of all persons of a given status. With some analogy to the case at bar are suits on injunction bonds; the bond is made payable to the party against whom the application is granted and "conditioned to pay all damages and costs which any person may sustain by the suing out of such injunction." In all cases claiming for a breach of an injunction, suits must be brought in the name of the payee, at the suit of the person injured. Ala. Power Co. v. Hamilton, 201 Ala. 62, 77 South. 356; Smith v. Mutual L. & T. Co., 102 Ala. 282, 14 South. 625.

We now pass to a consideration of the plea of the statute of limitations of one year.

[1, 2] Under the Act of September 29, 1919, the expressed purpose was to prevent frauds and impositions upon the people of the state and to protect investors. In this act applicants for permits to sell securities in the state were required to enter into bond, with certain conditions; the right to sue on the bond was provided, but no limitation was fixed by the act as to the time at which suit should be brought. The Mid-Texas Petroleum Corporation qualified under this act and gave bond as required, with this defendant as surety. While this law was in force plaintiff purchased from the Mid-Texas Petroleum Corporation on August 31, September 1 and 5, 1920, 350 shares of stock, paying therefor $700. The fraud in the sale of this stock is the basis of plaintiff's claim. On October 1, 1920, the Legislature passed what is termed an amendment to the 1919 act, in which the time of bringing suit on the surety bond therein provided is fixed at twelve months. Does this limitation apply to plaintiff's claim?

In the case of State v. Kirkpatrick (Ala. App.) 95 South. 490,[1] and approved in Ex parte State, 209 Ala. 16, 95 South. 494, this

---

[1] 19 Ala. App. 50.

court discussed the effect of a subsequent statute on a prior enactment covering the same subject, and in that case, after considering and citing many authorities, we held:

"Where the provisions of a subsequent statute cover the entire subject-matter of a former statute and are clearly intended as a complete substitute for all the provisions of the former a repeal of the former statute is had; and the application of this rule is not dependent on the inconsistency or repugnancy of the new legislation and the old."

For authorities reference is made to State v. Kirkpatrick (Ala. App.) 95 South. 490.[1] In this case we are not left in doubt as to the legislative intent. In the enacting clause of the act of 1920 (Acts 1920, p. 60) it is provided:

"That an act entitled 'An act to prevent frauds and impositions upon the people of the state and to protect investors,' * * * be and the same is hereby amended to read as follows."

This language is exclusive and inclusive. The amended act purports to cover the entire field of legislation on the subject, excluding the act of 1919, which is merged into the subsequent act including the provisions only of the act of 1920. The intent of the Legislature in this respect is too manifest for further argument. Whatever vested rights the plaintiff had acquired by reason of the act of 1919 could not be taken away, but were protected and carried forward into the act of 1920. It is not the vested right of plaintiff we are here dealing with, but the remedy to which he is now entitled. In Doe ex dem. Trotter v. Moog, 150 Ala. 460–463, 43 South. 710, 711, the court, speaking through Simpson, J., said:

"Under our decisions, statutes of limitations affect the remedy, and, unless the act creating the limitation specifically shows a contrary intention, the statute of limitation existing at the time of trial applies. Henry & Wife et al. v. Thorpe et al., 14 Ala. 103, 112, 113; Martin v. Martin, 35 Ala. 560." Dickson v. A. M. & S. Co., 18 Ala. App. 164, 89 South. 843; Brotherhood Loco. Engr. v. Green, 210 Ala. 496, 98 South. 569.

In 17 R. C. L. p. 672, par. 11, it is said:

"Not only may the Legislature as a general rule establish a new limitation where none existed before and make it apply to a cause of action against which there is no such statute in existence when it was created, but it may also change an existing statute, and shorten the periods of limitation provided a reasonable time is allowed for action to be brought."

This text is supported by the highest authority, both in state Supreme Courts and the United States Supreme Court; the only limitation on the legislative power of enactment in this regard being that there must be a reasonable time allowed in which to enforce rights already accrued. 17 R. C. L. p. 676, par. 18; Martin v. Martin, 35 Ala. 560; City of Birmingham v. Doster, 207 Ala. 542, 93 South. 475; Coleman v. Holmes, 44 Ala. 125, 4 Am. Rep. 121.

[3] There seems to be some uncertainty as to the exact time when the statute will begin to run. In this state the rule has been declared to be:

"Where a statute of limitations is changed before it has perfected a bar, and a different period prescribed, the time that has expired is to be excluded, and the full term fixed by the new law must elapse, after its passage, before the bar is complete." Cox v. Davis, 17 Ala. 714, 52 Am. Dec. 199; Henry v. Thorpe, 14 Ala. 103.

But this rule has become somewhat clouded by reason of the decision in Rawls v. Kennedy, 23 Ala. 240, 48 Am. Dec. 289, in which the decisions in those cases were criticized. Another rule, sustained by authority, is:

"Where a statute of limitations is passed subsequent to the accrual of the cause of action, if a sufficient and reasonable portion of the period of limitation remained still unexpired within which a bill might have been filed by the party entitled, before the expiration of the limitation, he must file his bill within the statutory time from the accrual of his right." 17 R. C. L. p. 677, par. 20.

Under either rule the limitation would be reasonable in this case. In one case it would be 12 months as fixed by the statute, and in the other he had 11 months.

The defendant's demurrer to the complaint should have been sustained, and the plaintiff's demurrer to the plea of the statute of limitation should have been overruled.

Other questions presented are not necessary here to decide and are not passed upon, but for the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

PER CURIAM. Reversed and remanded upon the authority of Ex parte J. D. Morgan, In re National Surety Co. v. Morgan, 211 Ala. 360, 100 South. 462.