142 So. 550

## CRONHEIM v. LOVEMAN.

6 Div. 164.

Supreme Court of Alabama.

June 9, 1932.

. A. Leo Oberdorfer, of Birmingham, for appellant:

·Cabaniss & Johnston, of Birmingham, for appellee.

FOSTER, J.

The will was probated March 26, 1931. The contest was filed in equity March 25, 1932. This was within one year as authorized by section 10637, Code. But on August 1, 1931 (Acts 1931, p. 844), the Legislature amended that section so as to change the period in which the contest could be instituted from twelve months to six months after the probate of the will. So that the question is whether this contest is controlled by the law in existence when the right to contest accrued, or that in existence when the suit. was filed. That depends upon whether the right to sue within twelve months became irrevocably vested when it accrued. We are therefore remitted to a consideration of the character of such right. It has been heretofore defined by this court to be a new, substantive, and independent right, provided it is exercised within the period prescribed; not as a statute of limitation, but as descriptive of the right of action. Kaplan v. Coleman, 180 Ala. 267, 276, 60 So. 885; Wachter v. Davis, 215 Ala. 659, 111 So. 917. To the same effect is Carlin v. Peerless Gas Light Co., 283 Ill. 142, 119 N. E. 66; Hartray v. Chicago Rys. Co., 290 Ill. 85, 124 N. E. 849. See, also, as analogous, Ex parte Walter, 202 Ala. 281, 80

So. 119; Knox v. Paull, 95 Ala. 505, 11 So. 156.

The statute of limitations, as such, is remedial in its purpose and effect, and any changes in such statute may or may not have a retroactive effect so as to change the limit in the time in which suit may be brought or an existing cause of action not then barred, provided it is clear that it was intended to be retroactive, and provided a reasonable time was extended after its enactment in which suit may be instituted. Henry v. Thorpe, 14 Ala. 103, 113; Doe v. Haskins, 15 Ala. 619, 50 Am. Dec. 154; Cox v. Davis, 17 Ala. 716, 52 Am. Dec. 199; Rawls v. Doe ex dem. Kennedy, 23 Ala. 240, 48 Am. Dec. 289; Martin v. Martin, 35 Ala. 560; Bedell v. Smith, 37 Ala. 619, 625; Bradford v. Barclay, 42 Ala. 375; Harrison v. Heflin, 54 Ala. 552; Birmingham v. Doster-Northingham, 207 Ala. 542, 93 So. 475; 37 Corpus Juris 691; Hathaway v. Merchants' L. & T. Co., 218 Ill. 580, 75 N. E. 1060, 4 Ann. Cas. 164; 17 R. C. L. 676.

It is clear that, when a statute creates the right to a new proceeding or a new right of action, it is entirely within the legislative control and is not vested either in respect to its use or in respect to the time in which the right to its use is fixed as a condition thereto. The rule has been applied to the time in which a statutory appeal may be prosecuted, which is called a new proceeding and not a continuance of the old, so that a change in the time of taking an appeal may apply to existing judgments, or the right to appeal may be repealed and annulled so as to apply to such judgments. Coker v. Fountain, 200 Ala. 95, 75 So. 471; Tennessee River Nav. Co. v. Grantland, 199 Ala. 674, 75 So. 283; Medical College v. Muldon, 46 Ala. 603; Hyde v. Parks, 221 Mo. App. 675, 283 S. W. 727; Mazange v. Slocum, 23 Ala. 668.

In the case of Carlin v. Peerless Gas Light Co., 283 Ill. 142, 119 N. E. 66, the court had under consideration the limitation prescribed as part of its homicide statute in which the period was changed from two to one year, after the homicide occurred, but leaving a reasonable time after the change so that the suit could be begun within the new period. It was held that the statute did not create a vested right, and that the changed period in which to sue controlled as to a homicide which had theretofore occurred, and fixed the time in which to sue on its account.

But there are cases directly in point, which hold that the same rule controls cases instituted under a statute similar in all respects to the one we are considering. Spaulding v. White, 173 Ill. 127, 50 N. E. 224; Sharp v. Sharp, 213 Ill. 332, 72 N. E. 1058; Storrs v. St. Luke's Hospital, 180 Ill. 368, 54 N. E. 185, 72 Am. St. Rep. 211; 37 Corpus Juris, 693; 40 Cyc. 1240.

The statute now under consideration by its terms is not to take effect until January 1, 1932. That circumstance in respect to the statute of limitations has been held to show an intention to apply it to existing as well as prospective causes of action. 37 Corpus Juris, 697; 111 Am. St. Rep. 457; 17 R. C. L. 678; Kozisek v. Brigham, 169 Minn. 57, 210 N. W. 622, 49 A. L. R. 1260; Cummings v. Rosenberg, 12 Ariz. 327, 100 P. 810.

The authorities hold that the statute of limitations operating upon a right of action otherwise then existing must provide for a reasonable time after its enactment in which to begin a suit. But when the limitation is descriptive, of a statutory action then created, which is not vested, but may be by statute taken away, it would seem to follow that an amendment changing such limitation need not be controlled by the principle which applies to the statute of limitations properly speaking. Carlin v. Peerless Gas Light Co., supra; Spaulding v. White, supra.

In Aycock v. Johnson, 119 Ala. 405, 24 So. 543, the question was a change in the statute of nonclaim. It reduced the period from eighteen months to twelve months. As to existing claims not then presented nor barred, the court held that, as the act fixed a period of twelve months from its passage, such claimants had twelve months thereafter, provided that time did not exceed the eighteen months fixed in the original statute. This statute did not create a right nor remedy. The question was its construction. It was held to operate prospectively, but may act on existing rights, and was not intended to extend to them a longer period than existed before, but could cut down that period, and did have that effect if the twelve months after its enactment did not extend the right beyond the eighteen months as provided before the amendment. See, also, Hathaway v. Merchants' L. & T. Co., 218 Ill. 580, 75 N. E. 1060, 4 Ann. Cas. 164.

A similar theory was applied in Gilbert v. Partain, 222 Ala. 459, 133 So. 2, to the statute prescribing a period of five years in which to file a will for probate.

The amendment of August 1, 1931, in effect, provided that the old law of one year should apply until January 1, 1932. This meant that the right to contest was not affected by the amendment for five months after its enactment, but warning all persons that after that date such contest must be in court within six months after its accrual, even though it accrued before that date, or before its enactment.

The contest in this case was not so instituted, and this appeared upon the face of the bill and was subject to the demurrer on that ground.

The decree is reversed and one here rendered sustaining the demurrer.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.