37 So.2d 190

## WEBSTER v. TALLEY et al.

### 1 Div. 318.

Supreme Court of Alabama.

Oct. 21, 1948.

Bart B. Chamberlain, Jr., and T. T. Shepard, both of Mobile, for appellees.

Jesse F. Hogan and D. R. Coley, Jr., both of Mobile, for appellant.

SIMPSON, Justice.

The case was here before on appeal from a decree on demurrer, where this court

held the bill to be good as one to set aside a fraudulent mortgage foreclosure where the mortgagee had allegedly misused the power of sale .in the mortgage to acquire the property for himself. Talley v. Webster, 222 Ala. 188, 131 So. 555.

Subsequent to the first appeal the original defendant, Talley, the mortgagee who purchased at the foreclosure sale, died leaving a will devising all his real estate to his wife for life, with remainder over to his brothers and sisters, the appellees. The bill was filed in 1928. Talley died in 1938, and no revivor was undertaken against the appellees until 1946, in consequence of which the lower court, on their motion, they then being the only substituted defendants, set aside the order purporting to revive the action against them as improvidently entered and dismissed the bill because the revivor had not been effected within twelve months, as required by the rule. Equity Rule 35, Code 1940, Title 7, Appendix, p. 1080.

During the long pendency of the cause no pertinent decretal orders were entered until the decree dismissing the bill. We will observe, though, that on the death of the said Talley a motion was duly filed to revive in the name of his personal representative (the condition of the estate is not shown) and the first challenge to the ruling of the court in dismissing the bill for a nonrevivor is that the remaindermen, who are the present appellees, were not necessary parties to the suit and that a revivor against the executor was sufficient. In this we cannot agree.

All persons interested in a suit in equity, whose rights will be directly affected by the decree, must be made parties unless too numerous or beyond the reach of process. On the death of Talley these remaindermen were, under his will, vested with an interest in all of his lands, including the land in suit. They were therefore necessary parties to the litigation. Jacobs v. Murphy, 245 Ala. 260(5), 16 So.2d 859; Smith v. Murphy, 58 Ala. 630; Ramey v. Green, 18 Ala. 771(5); Wilkinson v. May, 69 Ala. 33; Turnipseed v. Blan, 226 Ala. 549, 148 So. 116(5); McCaleb v. Worcester, 224 Ala. 360, 140 So. 595; Equity Rules 30, 31, Code 1940, Title 7 Appendix.

A revivor of the subject action against the personal representative would not affect the rights of the remaindermen or their title, nor would it suspend the abatement of the cause as to them.

It was pointed out in Rhea v. Tucker, 56 Ala. 450, Mr. Justice Stone writing, that no title in lands can properly be decreed to or against the personal representative; that though under our statutes "the administrator is clothed with certain powers as to the realty * * * this gives him no right to have the title decreed to him. He can only assert powers conferred by the statute." See also Burt v. Brandon, 230 Ala. 85, 159 So. 691.

In Ex parte Sayre, 69 Ala. 184, 186, it was declared that the right to revive a cause against those to whom the title to property descended (there the heirs) for the recovery of the possession of lands or against the personal representative for the recovery of mesne profits or rents, the right of revivor must be asserted within the prescriptive period (then eighteen months after the death of the original defendant) against them respectively, as the case may be, according to their interests, or it would be lost.

And in Hunt v. Acre, 28 Ala. 580, it was held that where the suit involves the title to real estate of an intestate former party, the heirs at law are proper parties to the bill of revivor and "the complainant proceeds without them at his peril."

The same general principle is likewise stressed in Bowie v. Minter, 2 Ala. 406(5), to the effect that where a suit in equity abates by death, the proper means of restoring vitality to the cause is a revivor against the person who comes in in the same right as the original party. See also Frowner v. Johnson, 20 Ala. 477.

We think the Supreme Court of Nebraska gives an apt statement of the pertinent rule in Dougherty v. White, 112 Neb. 675, 200 N.W. 884, 887, 36 A.L.R. 425, 430, as follows: " * * * the revivor should be against the representatives of the deceased person whose property rights would be affected by the revivor. If the revivor would affect only the personal property in

the hands of the administrator, then it may be revived as against him, but, if it is intended to affect real property which passed * * * to his heirs, then it should be revived against such heirs at law, and, if the judgment is to affect, or does affect, both personalty and real estate, then it should be revived against both the personal representatives and the heirs * * *"

Sustaining authority is also found in approved textbooks and digests. See Sims, Chancery Practice, p. 409, § 620; 1 R.C.L. 26, § 18; 1 C.J. 232, §§ 489, 491; 1 C.J.S., Abatement and Revival, § 172, page 223; 1 Am.Jur. 112, §§ 175, 176.

We hold, therefore, that the cause of action abated as to the appellees, because not revived against them within the proper time.

No error then can be laid to the trial court in dismissing the suit.

True, after the revivor in 1946 against the present defendants, they did file an answer to the bill, and appellant argues that by so doing they absolutely waived the right to interpose the pleading to abate the suit some six months later.

■■ It is a general principle obtaining in equity, as at law, that matter in abatement must be presented as ·a preliminary question and will generally be regarded as waived by pleading to the merits, but the import of our decisions is that the trial court has a discretion to permit the later presentation of such matter and the appellate courts generally will not revise such a ruling. Ex parte Union Planters Nat. Bank & Trust Co., 249 Ala. 461, 463(1), 31 So.2d 596; Ex parte Dunlap, 209 Ala. 453 (11), 456, 96 So. 441; Ex parte Anderson, 242 Ala.· 31, 4 So.2d. 420; Box v. Metropolitan Life Ins. Co., 232 Ala. 1, 168 So. 216; Id., 232 Ala. 321, 168 So. 217; Norton v. Hines, 206 Ala. 134, 89 So. 277; 2 Ala.Dig., Abatement and Revival, ☞ 81; Id., Appeal and Error, ☞ 956(1).

On such authorities as above noted, it cannot be affirmed that the trial court improperly exercised its discretion in permitting the defendants to file the pleading in abatement, thereby retracting their former waiver with respect thereto. So far as in-

dicated by the present record, after the answer was filed no further action of importance was taken until a few months later when the cause was called for hearing and the court, as stated, entered the order on the asserted ground and dismissed the case.

On the question of waiver, the instant case is to be distinguished from Willis v. Patterson, 243 Ala. 515, 10 So.2d 856, where a waiver to plead a nonrevivor was declared where not asserted until after judgment rendered.

■ Though not suggested in argument, one final observation is probably in order. Statutes providing for the revivor of actions at law are not as a rule applicable to equity. Equity proceeds in such matters according to its own rules though it may adopt and follow the procedure governing courts of law. Ex parte Liddon, 225 Ala. 683, 145 So. 144; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 496(53), 53 So. 228.

■ When Talley died, old Chancery ·Rule 101 and § 6552, Code 1923, controlled the question and there seems to have been no prescribed time within which such an action was revivable against a substituted defendant. The extant Rule 35, supra, requiring a revivor within twelve months was adopted January 1, 1940. Nevertheless, this latter rule controls. The provision authorizing a revivor of the action to be exercised within the twelve-month period is "in the nature of a statute of limitations" (Pope v. Irby, 57 Ala. 105, 107; Willis v. Patterson, supra, [1]), and "Under our decisions, statutes of limitations affect the remedy, and, unless the act creating the limitation specifically shows a contrary intention, the statute of limitation existing at the time of trial applies." Doe ex dem. Trotter v. Moog, 150 Ala. 460, 463, 43 So. 710, 711; Morris v. Mouchette, 240 Ala. 349(4), 199 So. 516; Odom v. Averett, 248 Ala. 289(2), 27 So.2d 479; 53 C.J.S., Limitations of Actions, § 4, p. 916, n. 20.

Guided by this principle, a revivor against the appellees should have been moved for within twelve months from January 1, 1940.

Though the rule operated retroactively on the action so as to limit the time permitted to effect a revivor, a reasonable time (twelve months) after the adoption of the

rule was accorded, which is the only requirement. Cronheim v. Loveman, 225 Ala. 199, 142 So. 550.

We find no error in the ruling below.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.