This is a medical malpractice case. Plaintiffs Robert and Cynthia Street brought suit against Dr. A.W. Morris and the City of Anniston, d/b/a Anniston Memorial Hospital, to recover damages for injuries caused by an incorrect pathology report. In April of 1974, Ms. Street had a black mole removed and sent to Anniston Memorial Hospital for analysis. The hospital rendered a report, printed on stationery bearing Dr. Morris's name and dated April 15, 1974, which indicated that the mole was nonmalignant. On February 12, 1978, Ms. Street had a lump removed from her right breast which proved to be a malignancy known as melanoma or "black-mole" cancer. The original slide of the tissue and mole excised in 1974 was re-examined and found to be, in fact, malignant. This action was *Page 28 
commenced on August 11, 1978, within six months of the date of the discovery of the melanoma, but more than four years after the erroneous pathology report was issued.
The Streets sued under Code 1975, § 6-5-480, et seq., Alabama's Medical Liability Act, on a breach of implied contract theory. Ms. Street claimed damages for physical injuries suffered as a result of defendants' alleged breach of contract; Mr. Street claimed damages for loss of consortium.
Subsequent to the filing of the complaint, it was discovered that Dr. A.W. Morris had ended his employment with Anniston Memorial Hospital prior to the time of the misdiagnosis. The hospital had continued to utilize his stationery, but a Dr. Kreing Ratanaboul had actually performed the pathological examination of the excised mole. The complaint was amended to add him as a party-defendant. Dr. Morris himself then brought a cross-complaint under the Medical Liability Act seeking to recover damages from the City of Anniston for injuries to his reputation caused by the City's negligence in allowing Dr. Ratanaboul to utilize the stationery of his predecessor.
The defendants moved for summary judgment, contending that these claims were barred by any one of several arguably applicable statutes of limitations:
(1) Code 1975, § 6-5-482 (a), the limitation on actions brought under the Medical Liability Act.
(2) Code 1975, § 6-2-39, which provides that actions to recover damages "wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant or employee under the doctrine of respondeat superior" must be brought within one year.
(3) Code 1975, § 11-47-23, which requires claims against a municipality for damages arising from torts to be presented for payment within six months from accrual, and all other claims to be presented within two years.
(4) Code 1975, § 11-47-5, which requires contracts entered into by municipalities to be in writing.
The trial court granted summary judgment in favor of Anniston Memorial Hospital against the Streets and Dr. Morris, and dismissed the hospital and Dr. Ratanaboul from the action. Shortly after this appeal was filed, Ms. Street died of cancer.
We direct our attention first to the question of whether the plaintiffs' claims are barred by Code 1975, § 6-5-482 (a), of the Medical Liability Act, for if they are, consideration of the other issues raised is unnecessary.
At the time of the original misdiagnosis, Title 7, § 25 (1), Code of Alabama 1940 (Recompiled 1958), the predecessor statute to our current Medical Liability Act, was in effect. It read, in pertinent part:
 All actions against physicians and surgeons, and dentists for malpractice, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the cause of action, and not afterwards. Provided that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier, provided further that in no event may the action be commenced more than six years after such act. [Emphasis added.]
Under this statute, then, the Streets had six years in which to discover and bring this cause of action. However, in 1975, Code 1975, § 6-5-480, et seq., our current Medical Liability Act, was enacted. Section 6-5-482 (a)[1] differs from its predecessor in two *Page 29 
pertinent regards: The six-year limit on suits for undiscovered injuries was shortened to four years, and the following language was added: "except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date." Because this action was commenced on August 11, 1978, more than four years after the issuance of the erroneous pathology report and more than one year after September 23, 1975, it is barred if Code 1975, § 6-5-482 (a), governs rather than Title 7, § 25 (1). This, then is our threshold question: Which statute of limitations applies, that in effect at the time the cause of action arose, or that in effect at the time the action was brought?
For the reasons discussed herein, we conclude that the legislature, by enacting Code 1975, § 6-5-482 (a), intended to shorten the time period within which causes of action already in existence at the time of enactment could be brought, and that the plaintiffs' suits are, therefore, barred.
It is true as a general rule that statutes will not be construed to have retrospective effect unless the language of the statute expressly indicates the legislature so intended.Baker v. Baxley, 348 So.2d 468 (Ala. 1977); Mobile HousingBoard v. Cross, 285 Ala. 94, 229 So.2d 485 (1969). "Remedial statutes," or those relating to remedies or modes of procedure, which do not create new rights or take away vested ones, are not within the legal conception of "retrospective laws," however, and do operate retrospectively, in the absence of language clearly showing a contrary intention. Sills v. Sills,246 Ala. 165, 19 So.2d 521 (1944); Harlan v. State, 31 Ala. App. 478, 18 So.2d 744 (1947); A statute of limitations has generally been viewed as a remedial statute, Henry and Wife v.Thorpe, 14 Ala. 103, (1848), and the statute of limitations in effect at the time the suit is filed, as opposed to one in effect at the time of the accrual of the cause of action, has been held to apply unless the later statute clearly states the contrary. Webster v. Talley, 251 Ala. 336, 37 So.2d 190 (1948);Doe ex dem. Trotter v. Moog, 150 Ala. 460, 43 So. 710 (1907). This is true whether the later statute extends or limits the time within which a cause of action may be brought, for it has frequently been held that the legislature can establish a new limitation where none existed before and make it applicable to a cause of action against which there was no such statute when the right was created, and it may also so change an existing statute and shorten periods of limitation, provided a reasonable time is allowed for the action to be brought.National Surety Co. v. Morgan, 20 Ala. App. 42, 100 So. 460, judgment reversed, Ex parte Morgan, 211 Ala. 360, 100 So. 462, (1924); Cronheim v. Loveman, 225 Ala. 199, 142 So. 550 (1932).
The question, then, becomes one of legislative intent. Was Code 1975, § 6-5-482, intended by the legislature to apply to causes of action which arose prior to its enactment, but were not brought until after? We do not approach this question for the first time. In United States Veterans Administration v.Walker, 356 So.2d 631 Ala. (1978), this Court was asked to determine whether the one-year grace period provided for in Code 1975, § 6-5-482 (a), acted to extend the two-year limitations period for discovered actions which would otherwise have been barred by Title 7, § 25 (1). We found no legislative intent to distinguish between discovered and undiscovered causes of action relative to the one-year grace period, and held that where Code 1975, § 6-5-482 (a), was enacted prior to the running of the two-year limit on a discovered cause of action, the limit was extended *Page 30 
by the grace period so that the action would not be barred until September 23, 1976.
Although Walker specifically held only that the grace period provision of Code 1975, § 6-5-482 (a), superseded Title 7, § 25 (1), and lengthened the limitations period for causes of action which § 25 (1) would have cut off, its reasoning supports the conclusion that Code 1975, § 6-5-482 (a), was intended to repeal § 25 (1) in its entirety, even where that would shorten
the limitations period. Walker was based in part on Henry andWife v. Thorpe, supra, which it quoted extensively, including the following comment:
 [T]he best reasoned discussions, maintain that it is competent for the legislature to modify the terms of prescription at pleasure, and where the prescription has not been completed when the law was changed, the past shall be effaced and the substituted law shall determine the time that bars a recovery. It is certainly allowable, and perhaps would be altogether just that effect should be given to the time past, whenever a change is made in the statute of limitations, so that the term may not be protracted; but if no such provision is made in the new law, we cannot perceive by what authority the courts can give to both statutes a proportional operation. The latter, if not an express, will operate an implied repeal of the former, and thus destroy its effect in toto. . . .
 True, the enlarging or lengthening of the term may introduce some seeming incongruities, but these, according to a modification of facts, affect the plaintiff and defendant about equally. Walker, page 633.
Further, if Code 1975, § 6-5-482, were not intended to shorten the period for bringing an already existing cause of action, the one-year grace period would be unnecessary, for it is only where a newly enacted statute of limitations is intended to apply to causes of action existing at the time of its enactment that a reasonable period of time after enactment must be allowed within which such actions may be brought. In recognition of this, some states have adopted a rule that a statute of limitations which permits a reasonable time in which existing causes of action may be sued on its deemed retroactive. 53 C.J.S. Limitations of Actions § 4, and cases gathered under footnote 96, page 914. Therefore, because Code 1975, § 6-5-482 (a), was intended by the legislature to limit the time within which causes of action existing at the time of its enactment could be brought to four years, or one year from enactment, whichever is greater, plaintiffs' suits are barred.
Plaintiffs contend, however, that Code 1975, § 6-5-482 (a), violates Art. IV § 45 of Ala. Const., as interpreted in BagbyElevator and Electric Co., Inc. v. McBride, 292 Ala. 191,291 So.2d 306 (1974). Art. IV, § 45, provides that: "Each law shall contain but one subject, which shall be clearly expressed in its title. . . ." Bagby held that a statute[2] which required that actions against architects and builders based on damage arising from acts or omissions in planning or construction of improvements on real property be brought within four years of the act or omission, regardless of when injury occurred, violated § 45. The Court held that the title to the statute indicated that it was a traditional statute of limitations; however, by starting the running of the statute from the time of the negligent act rather than the time of injury, the statute also operated to abolish substantive causes of action before their accrual. Thus, it was quite possible for a plaintiff to be injured by the collapse of an edifice, for example, years after the tolling of the statute. This is contrary to the usual rule, which commences the running of the statute of limitations from the accrual of the cause of action, which, in tort claims, occurs on the date of injury. Garrett v.Raytheon Co., 368 So.2d 516 (Ala. 1979), Brotherhood ofLocomotive Firemen Enginemen v. Hammett, 273 Ala. 397,140 So.2d 832 (1962). Because the title to the statute did not clearly indicate that it was to operate as a grant of immunity as well as *Page 31 
a statute of limitations, it did not pass muster under § 45 of the Alabama Constitution.
Code 1975, § 6-5-482 (a), is similarly titled "a statute of limitations," and commences the running of the statute from the time of the act or omission giving rise to the cause of action. It does not, however, act as a grant of immunity; our case law has established that, in malpractice actions, legal injury occurs at the time of the negligent act or omission, whether or not the injury is or could be discovered within the statutory period. Garrett v. Raytheon, supra, Hudson v. Moore, 239 Ala. 130,194 So. 147 (1940), Sellers v. Edwards, 289 Ala. 2,265 So.2d 438 (1972). Thus, the Medical Liability Act contains a traditional statute of limitations, one which commences the running of the statute from the accrual of the cause of action, and is not subject to constitutional infirmity under § 45.
Plaintiffs attempt to distinguish their case from those cited by pointing out that Raytheon, Hudson and Sellers all involved the introduction of a foreign agent into the body of the plaintiff, while the instant case merely involved an omission on defendant's part. In Sellers, a bulldog clamp was left in the plaintiff's body after an operation; in Hudson, a gauze sponge was not removed during an operation; in Raytheon, the plaintiff's injuries resulted from exposure to radiation. This distinction is unpersuasive, however. Raytheon, Hudson and similar cases were not premised on any physical trespass to the plaintiffs' bodies, but on the occurrence of a legally cognizable injury, no matter how slight, which resulted immediately upon the taking place of the negligent act or omission. In these cases, the Court held that, although the actual injury initially incurred was so slight that it was not discovered until years later, the cause of action accrued, nevertheless, at the time of the act or omission complained of.
Because Code 1975, § 6-5-482 (a), is thus a traditional statute of limitations, we hold that it is not void for failing to comport with Art. IV, § 45, of Const. of Ala., and that plaintiffs' causes of action are barred thereby. The judgment below is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
[1] All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission of failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
[2] Title 7, § 23, Code of Alabama, 1940 (Recomp. 1958).