In Street v. City of Anniston, 381 So.2d 26 (Ala. 1980), we held that the four-year provision of § 6-5-482 (a) barred the plaintiff's claim, based upon an act of misdiagnosis occurring more than four years before the action was brought. In that opinion, we stated under Garrett v. Raytheon, 368 So.2d 516
(Ala. 1979), "legal injury occurs at the time of the negligent act or omission, whether or not the injury is or could be discovered within the statutory period." Thus, in this case, legal injury occurred with the act of prescribing the Ortho Novum, and this "act or omission" on Dr. Guyton's part continued or was repeated each time the plaintiff took a pill as prescribed.
Injury of the Raytheon type could occur only when the patient was exposed to the drug and, under that opinion, the date of injury was measured from the last exposure. Here the date of injury must be measured from the date the last pill was taken, which was within four years of the date suit was filed. In this regard, the case before us is distinguishable from Street.
In Street, we found no constitutional barrier to the legislature's measuring the time for bringing an action from some point other than date of injury. It has done so in this field by measuring the time from the "act or omission or failure giving rise to the claim . . . provided . . . that in no event may the action be commenced more than four years after such act. . . ."
The question then becomes: Did Dr. Guyton commit any act or omission made the basis of this claim within four years of the date of filing the suit? Yes — he prescribed daily doses of Ortho Novum, and the patient followed his prescription by taking daily doses thereof.
This was a continuing act as long as the prescription was valid and outstanding. On this basis, I would concur, but cannot agree, that the statute does not bar the action because it was brought within two years after the plaintiff suffered the stroke. It is not a bar because the claim is based upon the impliedly continuing act of the defendant, which act or omission [i.e., failure to discontinue the prescription] took place within the statutory period.