On Application for Rehearing

INGRAM, Justice.
The opinion of May 26,1995, is withdrawn; the action of August 18, 1995, is set aside; and the following opinion is substituted for those previous writings.
A taxpayer filed an action to prevent the State from enforcing an income tax assessment, contending that the applicable statute of limitations barred the State’s collection on that assessment. The trial court denied the relief, holding that the 10-year statute of limitations in § 40-29-51, Ala.Code 1975, relating to the State’s collection on a tax assessment, applied to the amount involved in this case, and, therefore, that the Commissioner of Revenue was not barred from collecting on the tax assessment. The Court of Civil Appeals reversed, holding that the 5-year statute of limitations in § 6-2-35, which was in effect at the time of the assessment, was applicable, and that the Commissioner was barred from enforcing the assessment. Grant v. State, 667 So.2d 1369 (Ala.Civ.App.1994).
On April 23, 1992, Marshall E. Grant filed an action against the State of Alabama, the State Department of Revenue (“Department”), and the Commissioner of Revenue, challenging three final tax assessments that had been entered against him by the State. The only assessment before this Court is a final assessment for income tax entered on May 11, 1982. The trial court dismissed the case on motion of the Department. Grant appealed.[1] Specifically, Grant contended that the Department was barred by the 6-year statute of limitations found in § 40-18-46(c) from collecting the income tax assessed. The trial court held that the 10-year statute of limitations in § 40-29-51 had replaced the 6-year statute of limitations.
The Court of Civil Appeals reversed on this issue, holding that because § 40-29-51 had become effective on January 1, 1984, after the income tax had been assessed on May 11, 1982, the 10-year limitations statute did not apply. The Court of Civil Appeals noted that statutes are usually prospective in operation, not retroactive, unless they provide otherwise, and it held, specifically, that because the income tax assessment was entered before the effective date of the act changing the limitations period, the 10-year statute of limitations did not apply. Rather, it held that the 5-year statute of limitations found in § 6-2-35 applied and that because the Department had not attempted collection within that time, the Department was now barred. The Court of Civil Appeals reversed the dismissal as to the income tax assessment and instructed the trial court to enter a judgment preventing the Department from any further attempts to collect on the income tax assessment.
As a general rule, statutes will not be construed to have retroactive effect unless *1374 the language of the statute expressly indicates that the legislature intended them to have that effect. Street v. City of Anniston, 381 So.2d 26, 29 (Ala.1980); Brady v. State Pilotage Comm’n, 496 So.2d 776 (Ala.Civ.App.1985). Remedial statutes, however, are not within the general rule and, absent clear language to the contrary, do operate retroactively. Street, supra, A statute of limitations has generally been viewed as a remedial statute.
This Court has held that when a new statute deals with procedure only, it applies to all actions, including those not yet filed but which will be based on claims that have accrued, those actions that are pending, and actions based on claims arising in the future. Street, supra. Thus, the legislature has the power to retroactively alter, extend, or curtail an existing limitations period. However, the power to extend a limitations period can be exercised only where the bar was not complete before the enactment of the statute extending the period, because if the statute extending the period was applied to a cause of action already barred, then the effect of the statute would be to revive a cause of action. A statute extending a limitations period can apply only to a cause of action not already barred. Ala. Const.1901, § 95; Tyson v. Johns-Manville Sales Corp., 399 So.2d 263, 268-69 (Ala.1981).
Regardless of whether the 5-year statute (§ 6-2-35) or the 6-year statute (§ 40-18-46(c)) was applicable when the income tax was assessed, neither had barred the Department from attempting collection at the time the 10-year statute (§ 40-29-51) became effective. Where a statute of limitations is changed before it has perfected a bar, and a longer period is prescribed, the full term fixed by the new law must lapse before the bar is complete. Another way of explaining this is to say that in this case the State entered the final assessment on May 11, 1982. Under the 5-year statute of limitations, the State had until May 11, 1987 (or until May 11,1988, under the 6-year statute), to collect the assessment. Effective January 1, 1984, the legislature enlarged the limitations period to 10 years. It is undisputed that the enlargement of the period became effective before the 5-year or 6-year statute would have barred the State from starting collection procedures on its final assessment. So, the new 10-year limitations period merely replaced the shorter limitations period before the shorter period had expired. It seems clear, then, that the Department had not been barred by either the 5-year or the 6-year statute of limitations when the 10-year statute of limitations became effective. Thus, the full term fixed by the new 10-year statute must pass before the bar is complete.
Grant also contends that even if the 10-year limitations period is applicable, the Department never attempted to collect against him within the 10 years. We agree. Section 40-29-52 provides that the running of the limitations period shall be suspended for the period during which the Department is prohibited from collecting by levy or a proceeding in court during the time allowed by the statute. Here, the Department has failed to affirmatively show this Court that it was prohibited from collecting from Grant. The record also does not reflect any attempts by the Department to collect from Grant. Grant’s request for a stay when the present action was filed was never ruled upon by the trial court. Therefore, the Department was not prohibited from filing garnishment, levy, execution, or any other legal process necessary to effect collection. Grant filed this action just 18 days before the limitations period expired. Because the Department failed to make any attempts at collection and the trial court failed to grant the stay requested by Grant, the limitations period has run and the Department cannot make any further collection attempts against Grant for the tax assessment at issue in this ease.
Accordingly, even though the Court of Civil Appeals gave the wrong reason for reversing the judgment of the trial court, its judgment of reversal is due to be affirmed.
OPINION OF MAY 26, 1995, WITHDRAWN; ACTION OF AUGUST 18, 1995, SET ASIDE; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, and COOK, JJ., concur.

. Grant also appealed with regard to two sales tax assessments. The Court of Civil Appeals affirmed as to those assessments. This certiorari review was granted only as to the income tax assessment.