George W. Barrett appeals from a judgment entered against him and in favor of J.B. McPherson, Jr., in an action commenced by McPherson to collect the balance allegedly due under the terms of a promissory note executed by Barrett. We reverse and remand.
 Facts
In 1962, McPherson started his business. In approximately 1972, McPherson hired Barrett. McPherson later agreed to sell an 80% stake in the business to Barrett. On January 11, 1985, as part of the transaction to purchase a share of the business, Barrett executed a promissory note in favor of McPherson. Under the terms of that note, Barrett agreed to pay the principal sum of $45,000, plus interest; to pay off the note, Barrett agreed to pay McPherson monthly installments in the amount of $685.23 beginning on February 1, 1985, with the last installment being due on January 1, 1995.
According to McPherson, Barrett made a few payments on the promissory note shortly after the note was executed, but then the payments ceased. McPherson testified that, because he was unsure of the amount that Barrett had paid on the note, he had credited Barrett $2,500; McPherson testified that the credited amount was greater than the amount Barrett had actually paid on the note. McPherson asserted that the total amount due on the note, including interest, was $169,259. According to Barrett, he paid the monthly installments on the note until the latter part of 1989 or the early part of 1990. Barrett testified that, in 1989 or 1990, he and McPherson agreed that Barrett would pay certain operating expenses of the business in lieu of the monthly installments on the note. Barrett contended that the amount he paid in monthly installments and to cover operating expenses exceeded the amount due under the note. *Page 432 
The business was ultimately dissolved; Barrett received 80% of the business assets and McPherson received 20% of the assets. The promissory note was not accounted for in the dissolution of the business.
 Procedural History
On August 4, 2004, McPherson sued Barrett, seeking the unpaid balance that he alleged Barrett owed under the promissory note. Barrett filed an answer and a counterclaim on August 30, 2004; in his counterclaim, Barrett asserted that McPherson owed him $7,779.47, which Barrett claimed he had overpaid on the note. McPherson filed an answer to Barrett's counterclaim on August 29, 2006. On September 29, 2006, Barrett amended his answer to assert the statute of limitations as an affirmative defense to McPherson's claim.
Barrett filed a motion for a judgment on the pleadings on September 29, 2006, which the trial court denied. After hearing ore tenus testimony on March 15, 2007, the trial court, on March 31, 2007, entered a judgment in favor of McPherson both on his claim and on Barrett's counterclaim. The court entered a judgment against Barrett in the amount of $67,500, plus $7,500 in attorney fees and $329 for court costs. On April 30, 2007, Barrett filed a motion to amend the judgment or for a new trial, which was denied on May 1, 2007. On June 7, 2007, Barrett filed a notice of appeal to the Supreme Court of Alabama; that court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
 Standard of Review "`"'[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.'" `Water Works Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala. 2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala. 2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala. 2002)). `"The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment."' Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala. 2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala. 1985)). `Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge's conclusions of law or the incorrect application of law to the facts.' Waltman v. Rowell, 913 So.2d at 1086."
Retail Developers of Alabama, LLC v. East Gadsden GolfClub, Inc., 985 So.2d 924, 929 (Ala. 2007).
 Discussion
In Williams v. Williams, 497 So.2d 481 (Ala. 1986), our supreme court held that a debt owed under an installment note "does not mature for the purpose of the statute of limitations until the last installment is due and unpaid."497 So.2d at 482. Thus, in the present case, the statute of limitations began to run on January 1, 1995, when the last installment payment on the promissory note was due.
On appeal, the parties disagree as to the applicable statute of limitations. Barrett claims that Ala. Code 1975, § 7-3-118(a), applies. That section provides:
 "Note payable at a definite time. Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, *Page 433 
within six years after the accelerated due date."
McPherson points out that § 7-3-118(a) did not become effective until January 1, 1996. See Ala. Acts 1995, Act No. 95-668, § 6. McPherson argues that when his cause of action accrued, § 7-3-118(a) did not exist. McPherson contends, therefore, that Ala. Code 1975, § 6-2-33, which provides that "[a]ctions founded upon any contract or writing under seal" must be commenced within 10 years, applies even though Ala. Code 1975, § 6-2-2(e), currently provides that "[t]his chapter [§ 6-2-1 et seq., Ala. Code 1975,] shall not apply to negotiable instruments which are governed by Sections 7-3-118 and 7-4-111."
In Street v. City of Anniston, 381 So.2d 26
(Ala. 1980), the Alabama Supreme Court stated:
 "It is true as a general rule that statutes will not be construed to have retrospective effect unless the language of the statute expressly indicates the legislature so intended. Baker v. Baxley, 348 So.2d 468 (Ala. 1977); Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485 (1969). `Remedial statutes,' or those relating to remedies or modes of procedure, which do not create new rights or take away vested ones, are not within the legal conception of `retrospective laws,' however, and do operate retrospectively, in the absence of language clearly showing a contrary intention. Sills v. Sills, 246 Ala. 165, 19 So.2d 521 (1944); Harlan v. State, 31 Ala.App.478, 18 So.2d 744 (1944)[J A statute of limitations has generally been viewed as a remedial statute, Henry and Wife v. Thorpe, 14 Ala. 103 (1848), and the statute of limitations in effect at the time the suit is filed, as opposed to one in effect at the time of the accrual of the cause of action, has been held to apply unless the later statute clearly states the contrary. Webster v. Talley, 251 Ala. 336, 37 So.2d 190
(1948); Doe ex dem. Trotter v. Moog, 150 Ala. 460, 43 So. 710 (1907). This is true whether the later statute extends or limits the time within which a cause of action may be brought, for it has frequently been held that the legislature can establish a new limitation where none existed before and make it applicable to a cause of action against which there was no such statute when the right was created, and it may also so change an existing statute and shorten periods of limitation, provided a reasonable time is allowed for the action to be brought. National Surety Co. v. Morgan, 20 Ala.App.42, 100 So. 460, judgment reversed, Ex parte Morgan, 211 Ala. 360, 100 So. 462 (1924); Cronheim v. Loveman, 225 Ala. 199, 142 So. 550 (1932)."
381 So.2d at 29. The statute at issue in Street
contained a one-year grace period during which actions that could have been brought under that statute would not be barred until the expiration of one year from a specified date.381 So.2d at 29. The court determined that the statute at issue in that case was intended by the legislature to shorten the period for bringing an already existing cause of action because, otherwise, the one-year grace period would be unnecessary.381 So.2d at 30.
McPherson urges that, under the holding in Street, when a statute alters the limitations period without providing a grace period during which already existing causes of action can be brought, the statute should be applied prospectively only. Because § 7-3-118 contains no grace period, McPherson argues, the decision in Street compels the conclusion that it cannot be applied retroactively to his cause of action. We do not agree. The court in Street did not hold that any statute altering *Page 434 
a limitations period, but not including a grace period, must be applied only prospectively. The court inStreet merely followed the general rule that statutes altering a limitations period should be applied retroactively unless the language of the statute indicates a clear legislative intent otherwise.
Section 7-3-118 does not contain any language indicating an intent to avoid application of the general rule that the operative statute of limitations is the one in effect at the time an action is filed. See Street, 381 So.2d at 29. Subsection (e) of § 6-2-2, which was enacted as § 4 of Act No. 95-668, Ala. Acts 1995, and which became effective on the same date as § 7-3-118, reflects the legislature's intent; the preamble to Act No. 95-668 indicates that the legislature intended to amend § 6-2-2 "regarding the applicability of the chapter concerning limitations of actions to specify the chapter shall not apply to certain negotiable instruments." Clearly, the legislature intended that § 7-3-118 apply to actions filed after January 1, 1996.
Because § 7-3-118 applies, McPherson's cause of action for nonpayment of the note expired on January 1, 2001, more than three years before he filed his complaint. Therefore, the trial court erred in entering a judgment in favor of McPherson. We reverse the trial court's judgment and remand the cause to the trial court for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.