The plaintiff, Fredrick S. Watson, appeals from a summary judgment granted in favor of the defendant, Trail Pontiac, Inc., in this action to recover damages for fraud. We reverse and remand.
The sole issue in this case is whether the plaintiff's action is time barred.
The defendant contends, and for purposes of this appeal we will assume, that the plaintiff's cause of action accrued on May 5, 1984. The plaintiff filed this action on May 17, 1985. Therefore, the defendant argues that the plaintiff's action is barred by the one year-statute of limitations applicable to fraud actions, §§ 6-2-39 and 6-2-3, Code 1975, which were in effect at the time the plaintiff's cause of action accrued.
The plaintiff contends that his action is not barred, because the legislature, effective January 9, 1985, abolished §6-2-39, the one-year statute of limitations, and transferred the one-year actions to § 6-2-38, the two-year statute, and amended § 6-2-3, the "saving clause," to recognize that fraud actions were thenceforth subject to the two-year statute.[1] Therefore, he argues that § 6-2-38 and §6-2-3, as amended, control this case because they were in effect at the time he filed this action. We agree.
A statute of limitations is generally viewed as a remedial statute so that the statute in effect at the time the action is filed rather than the one in effect at the time of the accrual of the cause of action applies unless the later statute clearly states to the contrary. Street v. City of Anniston,381 So.2d 26 (Ala. 1980).
The question, then, is one of determining the intent of the legislature. Were the transfer of fraud actions to the two-year statute and the corresponding "two-year" amendment in the "saving clause," § 6-2-3, intended by the legislature to apply to causes of action which accrued prior to January 9, 1985, but on which suits were not brought until after that date? Prior to January 9, 1985, § 6-2-3 read as follows:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action."
The 1985 amendment substituted "two years" for "one year." There is nothing in the statutes indicating that the legislature did not intend for the two-year limitations period to apply to causes of action which accrued prior to January 9, 1985, but on which suits were not brought until after that date. Of course, actions time barred as of the date of the amendment were not revived. See Tyson v. Johns-ManvilleSales Corp., 399 So.2d 263 (Ala. 1981).
Therefore, because the plaintiff filed this action within two years from May 5, 1984, it was not time barred. The summary judgment in favor of the defendant should not have been granted.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and STEAGALL, JJ., concur.
[1] See Ala. Acts 1984-85, Act No. 39. *Page 264