STEAGALL, Justice.
Larry Edward Jackson sued William E. Kimbrough, alleging legal malpractice. In his complaint, Jackson alleged that he is serving a sentence for a murder conviction, that Kimbrough was his court-appointed attorney in the murder prosecution, and that in that prosecution Kimbrough failed to take remedial steps prior to a preliminary hearing on August 4, 1983, to have Jackson discharged from custody. The trial court dismissed Jackson’s complaint on the ground that the action is barred by the applicable statute of limitations. Jackson appeals.
Jackson argues that the trial court erred in dismissing his legal malpractice action on statute of limitations grounds, citing Hardin v. Straub, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). That case held that a federal court, applying a state statute of limitations to an inmate’s 42 U.S.C. § 1983 action, should give effect to the State’s provision tolling the running of the limitations period for prisoners.
The allegations in Jackson’s complaint are not based on § 1983, but are legal *322 malpractice claims. Under Ala.Code 1975, § 6-2-34(8), the period for filing legal malpractice actions was six years. Under Ala. Code 1975, § 6-5-574, enacted in 1988 and as construed in Michael v. Beasley, 583 So.2d 245 (Ala.1991), actions against legal services providers must be commenced within two years after the cause of action accrued, unless the cause of action is not discovered and could not reasonably have been discovered within that period, in which case the action must be commenced within six months from the date of discovery; provided that in no event can the action be brought more than four years after the cause of action accrued, except if the cause of action accrued before the effective date of § 6-5-574, then within one year after the effective date (April 12, 1988).
In Michael v. Beasley, this Court held that the statute of limitations in effect when the action is filed applies rather than the statute in effect when the cause of action accrued and that, in enacting § 6-5-570 et seq., the Legal Services Liability Act (“LSLA”), the legislature “intended to shorten the time for bringing an already existing cause of action” and “to provide a one-year saving provision, that one year to run from the effective date of the LSLA for all causes of actions accruing before April 12, 1988.” Michael, 583 So.2d at 251. See, also, Malb’s Associates, Inc. v. Phillips, 589 So.2d 164 (Ala.1991). Jackson’s complaint was filed on June 12, 1992; accordingly, the applicable statute of limitations is set forth in § 6-5-574.
It is clear that Jackson’s cause of action for legal malpractice accrued more than one year before April 12, 1988; therefore, Jackson had one year from that date to file his action. The complaint, filed June 12, 1992, is time-barred and was properly dismissed by the trial court.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, and ADAMS, JJ., concur.