On August 27, 1998, the appellant, Melvin Davis, was convicted of capital murder for murdering two or more people pursuant to one scheme or course of conduct, see § 13A-5-40(a)(10), Ala. Code 1975, and two counts of burglary-murder, see §13A-5-40(a)(4), Ala. Code 1975. He was also convicted of attempted murder and conspiracy to commit murder. By a vote of 10-2, the jury recommended that he be sentenced to death on the capital convictions. On November 5, 1998, the trial court sentenced him to death on the capital convictions and to serve terms of 99 years in prison on the attempted murder and conspiracy to commit murder convictions. This court affirmed the appellant's convictions on direct appeal, see Davis v. State,804 So.2d 1153 (Ala.Crim.App. 2000); the Alabama Supreme Court denied his petition for certiorari review; and the United States Supreme Court denied his petition for certiorari review, see Davis v.Alabama, 534 U.S. 1024, 122 S.Ct. 554, 151 L.Ed.2d 429 (2001). The relevant facts of the case are set forth in this court's opinion on direct appeal. This court issued a certificate of judgment on June 1, 2001.
On October 28, 2002, the appellant filed a Rule 32 petition, challenging his convictions. In his petition, he alleged that he was entitled to post-conviction relief because:
 1) the trial court allegedly improperly denied his motions for a continuance;
 2) the State allegedly withheld exculpatory evidence, in violation of Brady v. *Page 195 Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);[1]
 3) his trial and appellate attorneys allegedly rendered ineffective assistance in numerous instances;
 4) the prosecution allegedly engaged in misconduct during his trial;
 5) he allegedly was absent from a hearing on a motion for a mistrial;
 6) the trial court allegedly admitted prejudicial and inadmissible evidence;
 7) the trial court allegedly improperly prevented him from presenting exculpatory and impeachment evidence;
 8) the trial court allegedly improperly refused to excuse for cause veniremembers who were biased against him;
 9) the trial court allegedly improperly excused other veniremembers for cause;
 10) Alabama's sentencing scheme allegedly violates the Sixth Amendment to the United States Constitution;
 11) the trial court should have disqualified the prosecutor or taken other remedial measures to cure the taint of alleged prosecutorial misconduct;
 12) jurors allegedly engaged in misconduct during his trial proceedings;[2]
 13) the trial court allegedly erred in not instructing the jury on lesser included offenses;
 14) the prosecution allegedly used its peremptory challenges to remove veniremembers based on race and gender, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986);
 15) the trial court allegedly improperly concluded that he was under a sentence of imprisonment when he committed the capital offenses;
 16) the trial court allegedly improperly determined the existence of aggravating and mitigating circumstances;
 17) the trial court allegedly allowed the prosecution to rely on inadmissible and highly prejudicial hearsay;
 18) the trial court's jury instructions allegedly were inadequate and improper;
 19) the trial court allegedly improperly applied the firearm enhancement to his sentences for attempted murder and conspiracy to commit murder;
 20) the trial court allegedly improperly admitted irrelevant and prejudicial photographic evidence; and
 21) the State allegedly did not prove all of the elements of burglary and that he was under a sentence of imprisonment.
The State filed a motion to dismiss, arguing that the appellant had not timely filed his petition. Citing Rule 32.2(c), Ala. R.Crim. P., as amended effective August 1, 2002, the circuit court summarily dismissed the petition as untimely filed. The appellant filed a motion to alter, amend, or vacate, which the circuit court summarily rejected. This appeal followed.
The appellant argues that the circuit court improperly determined that he did not timely file his petition. On March 22, 2002, the Alabama Supreme Court ordered that Rule 32.2(c), Ala. R.Crim. P., be *Page 196 
amended[3] effective August 1, 2002, to provide, in pertinent part:
 "[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R.App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses."
On July 1, 2002, the Alabama Supreme Court issued the following order:
 "The order of this Court issued on March 22, 2002, amending Rule 32.2, Ala. R.Crim. P., provided that the amendment of Rule 32.2 was effective August 1, 2002. IT IS ORDERED that that effective-date language shall be interpreted to mean that defendants in cases in which the Court of Criminal Appeals issued its certificate of judgment or the time for filing an appeal has lapsed during the period between August 1, 2001, and August 1, 2002, would have one year from August 1, 2002, within which to file a postconviction petition pursuant to Rule 32, Ala. R.Crim. P."
 A.
First, the appellant contends that the plain language of Rule 32.2(c), Ala. R.Crim. P., as amended, and the March and July orders regarding the amendment indicates that the rule does not apply to him. In support of this contention, he asserts that well-established precedent expresses a preference against retroactive statutory application. Therefore, he concludes that Rule 32.2(c), Ala. R.Crim. P., as amended, does not apply to cases in which this court issued a certificate of judgment before August 1, 2002, and cases in which the time to file an appeal lapsed before August 1, 2002.
 "It is true as a general rule that statutes will not be construed to have retrospective effect unless the language of the statute expressly indicates the legislature so intended. Baker v. Baxley, 348 So.2d 468 (Ala. 1977); Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485 (1969). `Remedial statutes,' or those relating to remedies or modes of procedure, which do not create new rights or take away vested ones, are not within the legal conception of `retrospective laws,' however, and do operate retrospectively, in the absence of language clearly showing a contrary intention. Sills v. Sills, 246 Ala. 165, 19 So.2d 521 (1944); Harlan v. State, 31 Ala.App. 478, 18 So.2d 744 (194[4]); A statute of limitations has generally been viewed as a remedial statute, Henry and Wife v. Thorpe, 14 Ala. 103
(1848), and the statute of limitations in effect at the time the suit is filed, as opposed to one in effect at the time of the accrual of the cause of action, has been held to apply unless the later statute clearly states the contrary. Webster v. Talley, 251 Ala. 336, 37 So.2d 190 (1948); Doe ex dem. *Page 197 Trotter v. Moog, 150 Ala. 460, 43 So. 710 (1907). This is true whether the later statute extends or limits the time within which a cause of action may be brought, for it has frequently been held that the legislature can establish a new limitation where none existed before and make it applicable to a cause of action against which there was no such statute when the right was created, and it may also so change an existing statute and shorten periods of limitation, provided a reasonable time is allowed for the action to be brought. National Surety Co. v. Morgan, 20 Ala.App. 42, 100 So. 460, judgment reversed, Ex parte Morgan, 211 Ala. 360, 100 So. 462 (1924); Cronheim v. Loveman, 225 Ala. 199, 142 So. 550
(1932)."
Street v. City of Anniston, 381 So.2d 26, 29 (Ala. 1980). Seealso Ex parte Bonner, 676 So.2d 925 (Ala. 1995); Jackson v.Kimbrough, 622 So.2d 321 (Ala. 1993); Ex parte Burks,487 So.2d 905 (Ala. 1985); Hamilton v. Barwick, 579 So.2d 626
(Ala.Civ.App. 1991).
To determine whether Rule 32.2(c), Ala. R.Crim. P., as amended, applies to cases in which this court issued a certificate of judgment before August 1, 2002, and cases in which the time to file an appeal lapsed before August 1, 2002, we must examine the plain language of the rule and the March and July orders. The March order stated that the amendment to Rule 32.2(c), Ala. R.Crim. P., would be effective August 1, 2002, and did not provide for any exceptions. By its terms, Rule 32.2(c), Ala. R.Crim. P., as amended, does not clearly state that it does not apply retrospectively to cases in which this court issued a certificate of judgment before August 1, 2002, and cases in which the time to file an appeal lapsed before August 1, 2002. Also, it does not specifically exempt any convicted defendants from its purview. Finally, in its July 1, 2002, order, the Alabama Supreme Court did provide an exception for cases in which this court issued a certificate of judgment or in which the time to file an appeal lapsed between August 1, 2001, and August 1, 2002. However, it did not provide any kind of exception for cases in which this court issued a certificate of judgment before August 1, 2002, and cases in which the time to file an appeal lapsed before August 1, 2002. Because Rule 32.2(c), Ala. R.Crim. P., as amended, and the March and July orders do not clearly state that the rule applies prospectively only, we conclude that the Alabama Supreme Court intended for it to apply retrospectively to cases in which this court issued a certificate of judgment before August 1, 2002, and cases in which the time to file an appeal lapsed before August 1, 2002. See Watson v. Trail Pontiac,Inc., 508 So.2d 262 (Ala. 1987).
Because the Alabama Supreme Court shortened the limitations period for certain convicted defendants to file a Rule 32 petition, it was required to allow a reasonable time after its enactment for those convicted defendants to file such a petition before the bar took effect. See Terry v. Anderson, 95 U.S. 628,24 L.Ed. 365 (1877); Thomas v. Niemann, 397 So.2d 90 (Ala. 1981); Cronheim v. Loveman, 225 Ala. 199, 142 So. 550 (1932). In this regard, we note that, although the Alabama Supreme Court issued its order amending Rule 32.2(c), Ala. R.Crim. P., in March 2002, that amendment was not effective until August 1, 2002. Therefore, the two-year limitations period remained in effect until July 31, 2002. Accordingly, convicted defendants in whose cases this court issued a certificate of judgment or whose time to file a direct appeal lapsed between July 31, 2000, and July 31, 2001, including the appellant, could have timely filed their petitions as late as July 31, *Page 198 
2002.[4] We presume that, when it amended Rule 32.2(c), Ala. R.Crim. P., the Alabama Supreme Court was aware of the prior decisions that required that those convicted defendants who were affected by the change be allowed a reasonable time after its enactment to file such a petition before the bar took effect.See DeMo v. DeMo, 679 So.2d 265 (Ala.Civ.App. 1996). Therefore, we further presume that that court determined that it had given the affected convicted defendants a reasonable time in which to file a Rule 32 petition before the bar took effect. See Martinv. State, [Ms. CR-99-2249, May 30, 2003] ___ So.2d ___ (Ala.Crim.App. 2003); Maddox v. State, 708 So.2d 220
(Ala.Crim.App. 1997).
Because the appellant filed his petition on October 28, 2002, and because the applicable statute of limitations is the one that is in effect at the time an action is filed, rather than the one that is in effect at the time the cause of action accrues, Rule 32.2(c), Ala. R.Crim. P., as amended, applies to this case. SeeJackson v. Kimbrough, 622 So.2d 321 (Ala. 1993); Malb'sAssociates, Inc. v. Phillips, 589 So.2d 164 (Ala. 1991);Watson, supra; Thomas, supra; Williams v. State,504 So.2d 282 (Ala.Civ.App. 1986). Therefore, the new one-year limitations period was in effect at the time the appellant filed his petition. Because the appellant filed his petition more than one year after this court issued a certificate of judgment in his case, and because he did not raise any truly jurisdictional claims, the circuit court properly determined that he did not timely file his petition.
 B.
Second, the appellant contends that the March and July orders and Rule 32.2(c), Ala. R.Crim. P., as amended, violate his rights to due process and equal protection, his right to petition for habeas corpus review, and his right not to be exposed to ex post facto laws. However, for the reasons set forth herein, we conclude that we do not have the authority to grant relief on these grounds.
In Martin v. State, [Ms. CR-99-2249, May 30, 2003] ___ So.2d ___, ___ (Ala.Crim.App. 2003), we stated:
 "Martin argues that the Alabama Supreme Court's amendment of Rule 39, Ala. R.App. P., effective May 19, 2000, eliminating automatic review of death-penalty cases, unconstitutionally limits his right of appellate review. Martin further contends that to change the process of review violates his due-process and equal-protection rights, although he makes no attempt to set out precisely how those rights have been affected.
 "In Alabama, all persons convicted of a criminal offense are granted the right to an appeal by § 12-22-130, Ala. Code 1975. This appeal of right is to the Court of Criminal Appeals. See § 12-3-9, Ala. Code 1975. Any subsequent review of a criminal conviction by a higher state appellate court is by writ of certiorari to the Alabama Supreme Court. See Rule 39, Ala. R.App. P. Since Rule 39, Ala. R.App. P., was amended, effective May 19, 2000, as to death-penalty cases, review by certiorari is entirely discretionary with the Supreme Court in all criminal cases, including those in which the death penalty has been imposed. *Page 199 
 "The Alabama Supreme Court amended Rule 39, Ala. R.App. P., pursuant to the rule-making authority set out in § 12-2-7(4), Ala. Code 1975. That section authorizes the Supreme Court
 "`[t]o make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, that such rules shall not abridge, enlarge, or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided further, that the right of trial by jury as at common law and declared by Section 11 of the Constitution of Alabama of 1901 shall be preserved to the parties inviolate.'
 "Only the Supreme Court enjoys this rule-making authority. Moreover, just as this Court is bound by the decisions of the Supreme Court, see § 12-3-16, Ala. Code 1975, we are also bound by any applicable rules adopted by that Court. See Maddox v. State, 708 So.2d 220, 222 (Ala.Crim.App. 1997) (recognizing that we were bound to follow the jury-selection procedure established in Rule 18.4, Ala. R.Crim. P.). Therefore, this Court has no authority to grant Martin relief as to this claim.
 "When the Supreme Court used its rule-making authority to establish a jury-selection procedure, this Court concluded that `the jury selection process used in criminal trials is one that the Alabama Supreme Court believes best serves the ends of justice and the needs of this state.' Maddox v. State, 708 So.2d at 222. Likewise, we believe that the Supreme Court's decision to engage in discretionary review of death cases is one that that Court `believes best serves the ends of justice and the needs of this state.' Therefore, no relief is warranted as to this claim."
Similarly, the Alabama Supreme Court amended Rule 32.2(c), Ala. R.Crim. P., pursuant to its rule-making authority, as set forth in § 12-2-7(4), Ala. Code 1975. Further, this court is bound to follow the rules that court adopts. See Martin, supra;Maddox, supra. Therefore, this court does not have the authority to grant the appellant relief on the grounds asserted.
For the above-stated reasons, we affirm the circuit court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] The appellant makes only bare allegations with respect to this claim. Therefore, he has not satisfied his burden of pleading. See Rules 32.3 and 32.6(b), Ala. R.Crim. P. Moreover, it appears that the State disclosed most, if not all, of the information during the trial proceedings and that the appellant is actually challenging the timeliness of the State's disclosure.
[2] In his petition, the appellant indicates that the trial court addressed one of the instances about which he complains during the trial proceedings. As to the remaining instances, the appellant has made only bare allegations that he has not adequately supported. See Rules 32.3 and 32.6(b), Ala. R.Crim. P.
[3] Before August 1, 2002, Rule 32.2(c), Ala. R.Crim. P., provided, in pertinent part:
 "[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App. P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses."
[4] To the extent the circuit court's order in this case conflicts with this holding, it was incorrect. However, for the reasons set forth in this opinion, we conclude that the circuit court's finding that the appellant did not timely file his petition is correct, and we may still affirm it. See Sumlin v.State, 710 So.2d 941 (Ala.Crim.App. 1998) (holding that we will affirm a circuit court's dismissal of a Rule 32 petition if it is correct for any reason).