The appellant, Geoffrey Todd West, was convicted of robbery-murder, a violation of § 13A-5-40(a)(2), Ala. Code 1975. By a vote of 10-2, the jury recommended that the appellant be sentenced to death. The trial court accepted the jury's recommendation and sentenced the appellant to death. This court affirmed his conviction on direct appeal, see West v. State,793 So.2d 870 (Ala.Crim.App. 2000); the Alabama Supreme Court denied his petition for certiorari review; and the United States Supreme Court denied his petition for certiorari review, seeWest v. Alabama, 534 U.S. 849, 122 S.Ct. 116, 151 L.Ed.2d 72
(2001). This court issued a certificate of judgment on February 23, 2001.
On September 6, 2002, the appellant filed a Rule 32 petition, challenging his conviction. In his petition, he alleged that he was entitled to post-conviction relief because:
 1) based on the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), the indictment against him was fatally defective because it did not identify any aggravating circumstances and it did not allege that the aggravating circumstance(s) outweighed the mitigating circumstance(s);
 2) based on the United States Supreme Court's decisions in Apprendi and Ring, Alabama's capital sentencing process is unconstitutional because it allows the trial court, rather than the jury, to make the factual findings — i.e., that aggravating circumstance(s) exist(s) and that the aggravating circumstance(s) outweigh the mitigating circumstance(s) — necessary to expose a capital defendant to death; and
 3) his trial attorneys rendered ineffective assistance in several instances.
The State filed a motion to dismiss, arguing that the appellant had not timely filed his petition. Citing Rule 32.2(c), Ala. R.Crim. P., as amended effective August 1, 2002,[1] the circuit court summarily dismissed *Page 207 
the petition as untimely filed. The appellant filed a motion for reconsideration, which the circuit court summarily denied. This appeal followed.
 I.
The appellant argues that the Alabama Supreme Court did not intend for Rule 32.2(c), Ala. R.Crim. P., as amended, to be applied retroactively to his case; that to do so would mean that his petition was time-barred before the amendment was announced; and that retroactive application of the rule would effectively bar certain convicted defendants from seeking collateral review of their convictions. However, in Davis v. State,890 So.2d 193, 197 (Ala.Crim.App. 2003), which is being released simultaneously with this opinion, we stated:
 "Because Rule 32.2(c), Ala. R.Crim. P., as amended, and the March and July orders do not clearly state that the rule applies prospectively only, we conclude that the Alabama Supreme Court intended for it to apply retrospectively to cases in which this court issued a certificate of judgment before August 1, 2002, and cases in which the time to file an appeal lapsed before August 1, 2002. See Watson v. Trail Pontiac, Inc., 508 So.2d 262 (Ala. 1987).
 "Because the Alabama Supreme Court shortened the limitations period for certain convicted defendants to file a Rule 32 petition, it was required to allow a reasonable time after its enactment for those convicted defendants to file such a petition before the bar took effect. See Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365 (1877); Thomas v. Niemann, 397 So.2d 90 (Ala. 1981); Cronheim v. Loveman, 225 Ala. 199, 142 So. 550 (1932). In this regard, we note that, although the Alabama Supreme Court issued its order amending Rule 32.2(c), Ala. R.Crim. P., in March 2002, that amendment was not effective until August 1, 2002. Therefore, the two-year limitations period remained in effect until July 31, 2002. Accordingly, convicted defendants in whose cases this court issued a certificate of judgment or whose time to file a direct appeal lapsed between July 31, 2000, and July 31, 2001, including the appellant, could have timely filed their petitions as late as July 31, 2002."
(Footnote omitted.)
Because the appellant filed his petition on September 6, 2002, we conclude, as did the circuit court, that Rule 32.2(c), Ala. R.Crim. P., as amended, applies retroactively to the appellant's case. See Davis, supra (noting that the applicable statute of limitations is the one that is in effect at the time a Rule 32 petition is filed). However, because this court issued a certificate of judgment in this case on February 23, 2001, and because the two-year limitations period remained in effect until August 1, 2002, the appellant could have timely filed his petition as late as July 31, 2002. Likewise, other convicted defendants in whose *Page 208 
cases this court issued a certificate of judgment or whose time to file a direct appeal lapsed between July 31, 2000, and July 31, 2001, could have timely filed their petitions as late as July 31, 2002. Therefore, retroactive application of the amendment to Rule 32.2(c), Ala. R.Crim. P., to the appellant's case and the cases of other convicted defendants in whose cases this court issued a certificate of judgment or whose time to file a direct appeal lapsed between July 31, 2000, and July 31, 2001, does not preclude the appellant or those other convicted defendants from seeking collateral review of their convictions. Accordingly, the appellant's arguments are without merit.
 II.
The appellant also argues that, even if Rule 32.2(c), Ala. R.Crim. P., as amended, applies retroactively to his case, "the Alabama Supreme Court's July 1, 2002, Order extended the time for filing." (Appellant's brief at p. 17.) On July 1, 2002, the Alabama Supreme Court issued the following order:
 "The order of this Court issued on March 22, 2002, amending Rule 32.2, Ala. R.Crim. P., provided that the amendment of Rule 32.2 was effective August 1, 2002. IT IS ORDERED that that effective-date language shall be interpreted to mean that defendants in cases in which the Court of Criminal Appeals issued its certificate of judgment or the time for filing an appeal has lapsed during the period between August 1, 2001, and August 1, 2002, would have one year from August 1, 2002, within which to file a postconviction petition pursuant to Rule 32, Ala. R.Crim. P."
Specifically, the appellant contends that "the Alabama Supreme Court effectively extended the implementation of the new rule governing the statute of limitations by adding one year to cases whose time for filing would otherwise lapse between August 1, 2001, and August 1, 2002." (Appellant's brief at p. 18.) Therefore, he concludes that, "because [his] time for filing his postconviction petition would otherwise lapse `during the period between August 1, 2001, and August 1, 2002,' [he] had `one year from August 1, 2002, within which to file a postconviction petition.'" (Appellant's brief at p. 18.) We disagree.
It appears that the appellant has misread the July order. That order makes reference to the time for filing an appeal — i.e., a direct appeal — lapsing, not to the time for filing a Rule 32 petition lapsing, between August 1, 2001, and August 1, 2002. Also, the appellant did appeal his conviction, and this court issued a certificate of judgment in his case on February 23, 2001, well before August 1, 2001, as referenced in the July order. Therefore, the July order did not extend the time in which the appellant was required to file his Rule 32 petition.
 III.
Finally, in a footnote, the appellant argues that retroactive application of Rule 32.2(c), Ala. R.Crim. P., as amended, to his petition violates his due process and equal protection rights. InDavis, ___ So.2d at ___, we addressed a similar argument as follows:
 "In Martin v. State, [Ms. CR-99-2249, May 30, 2003] ___ So.2d ___, ___ (Ala.Crim.App. 2003), we stated:
 "`Martin argues that the Alabama Supreme Court's amendment of Rule 39, Ala. R.App. P., effective May 19, 2000, eliminating automatic review of death-penalty cases, unconstitutionally limits his right of appellate review. Martin further contends that to change the process of review violates *Page 209 
his due-process and equal-protection rights, although he makes no attempt to set out precisely how those rights have been affected.
 "`In Alabama, all persons convicted of a criminal offense are granted the right to an appeal by § 12-22-130, Ala. Code 1975. This appeal of right is to the Court of Criminal Appeals. See § 12-3-9, Ala. Code 1975. Any subsequent review of a criminal conviction by a higher state appellate court is by writ of certiorari to the Alabama Supreme Court. See Rule 39, Ala. R.App. P. Since Rule 39, Ala. R.App. P., was amended, effective May 19, 2000, as to death-penalty cases, review by certiorari is entirely discretionary with the Supreme Court in all criminal cases, including those in which the death penalty has been imposed.
 "`The Alabama Supreme Court amended Rule 39, Ala. R.App. P., pursuant to the rule-making authority set out in § 12-2-7(4), Ala. Code 1975. That section authorizes the Supreme Court
 "`"[t]o make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, that such rules shall not abridge, enlarge, or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided further, that the right of trial by jury as at common law and declared by Section 11 of the Constitution of Alabama of 1901 shall be preserved to the parties inviolate."
 "`Only the Supreme Court enjoys this rule-making authority. Moreover, just as this Court is bound by the decisions of the Supreme Court, see § 12-3-16, Ala. Code 1975, we are also bound by any applicable rules adopted by that Court. See Maddox v. State, 708 So.2d 220, 222 (Ala.Crim.App. 1997) (recognizing that we were bound to follow the jury-selection procedure established in Rule 18.4, Ala. R.Crim. P.). Therefore, this Court has no authority to grant Martin relief as to this claim.
 "`When the Supreme Court used its rule-making authority to establish a jury-selection procedure, this Court concluded that "the jury selection process used in criminal trials is one that the Alabama Supreme Court believes best serves the ends of justice and the needs of this state.'" Maddox v. State, 708 So.2d at 222. Likewise, we believe that the Supreme Court's decision to engage in discretionary review of death cases is one that that Court "believes best serves the ends of justice and the needs of this state." Therefore, no relief is warranted as to this claim.'
 "Similarly, the Alabama Supreme Court amended Rule 32.2(c), Ala. R.Crim. P., pursuant to its rule-making authority, as set forth in § 12-2-7(4), Ala. Code 1975. Further, this court is bound to follow the rules that court adopts. See Martin, supra; Maddox, supra. Therefore, this court does not have the authority to grant the appellant relief on the grounds asserted."
Similarly, we conclude that we do not have the authority to grant the appellant relief on his due process and equal protection claims.
Because the appellant filed his petition more than one year after this court issued a certificate of judgment in his case, and because he did not raise any jurisdictional claims, the circuit court properly determined that the appellant did not timely file *Page 210 
his petition. Accordingly, we affirm the circuit court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] On March 22, 2002, the Alabama Supreme Court ordered that Rule 32.2(c), Ala. R.Crim. P., be amended effective August 1, 2002, to provide, in pertinent part:
 "[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R.App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses."
Before August 1, 2002, Rule 32.2(c), Ala. R.Crim. P., provided, in pertinent part:
 "[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App. P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses."