STUART, Justice.
In 2000, Michael Leon Powe was convicted of first-degree rape, see § 13A-6-61, Ala.Code 1975; he was sentenced, as a habitual offender, to life imprisonment without the possibility of parole. See § 13A-5-9(e)(3), Ala.Code 1975. The Court of Criminal Appeals affirmed his *694 conviction and sentence in an unpublished memorandum. See Powe v. State (No. CR-00-0418, April 20, 2001), 836 So.2d 1004 (Ala.Crim.App.2001) (table). The Court of Criminal Appeals issued a certificate of judgment on May 8, 2001.
On May 1, 2003, Powe filed a Rule 32, Ala. R.Crim. P., petition, challenging his conviction. The circuit court summarily denied the petition. Powe appealed that denial to the Court of Criminal Appeals. The Court of Criminal Appeals, relying on Davis v. State, 890 So.2d 193 (Ala.Crim.App.2003), and West v. State, 890 So.2d 205 (Ala.Crim.App.2003), held that Powe’s petition was not timely filed within the one-year limitations period set forth in Rule 32.2(c), Ala. R.Crim. P., as amended effective August 1, 2002. Powe v. State (No. CR-02-1816, Oct. 24, 2003), 897 So.2d 1252 (Ala.Crim.App.2003) (table).
Today, in Ex parte Gardner, 898 So.2d 690 (Ala.2004), this Court clarifies its intent in setting the effective date for the amendment of Rule 32.2(c), Ala. R.Crim. P. In light of our holding in Gardner, Powe’s petition was timely and the Court of Criminal Appeals erred in determining otherwise. Therefore, we suspend the provisions of Rule 39(g) and (h), Ala. R.App. P., allowing the respondent to file a brief, grant Powe’s petition for the writ of certiorari, and reverse the judgment of the Court of Criminal Appeals and remand the cause for proceedings consistent with this opinion.
WRIT GRANTED; REVERSED AND REMANDED.*
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., concurs specially.

 Note from the reporter of decisions: On March 19, 2004, on remand from the Alabama Supreme Court, the Co*urt of Criminal Appeals affirmed, without opinion. On April 9, 2004, that court denied rehearing, without opinion. On June 11, 2004, the Supreme Court denied certiorari review, without opinion (1031153).