SEE, Justice.
On June 6, 1999, Geoffrey Todd West was convicted of capital murder, a violation of § 13A-5-40(a)(2), Ala.Code 1975. The jury recommended by a vote of 10-2 that West be sentenced to death. On July 7, 1999, the trial court sentenced West to death. West appealed his sentence and conviction. On June 30, 2000, the Court of Criminal Appeals affirmed West’s conviction and sentence. West v. State, 793 So.2d 870 (Ala.Crim.App.2000). On February 23, 2001, this Court denied West’s petition for the writ of certiorari. The Supreme Court of the United States denied West’s petition for certiorari review. West v. Alabama, 534 U.S. 849, 122 S.Ct. 116, 151 L.Ed.2d 72 (2001). On February 23, 2001, the Court of Criminal Appeals issued a certificate of judgment.
On September 6, 2002, West petitioned for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. The State moved to dismiss West’s petition, because, the State argued, West’s petition was untimely pursuant to Rule 32.2(c), Ala. R.Crim. P. The trial court summarily dismissed his petition. West appealed to the Court of Criminal Appeals. The Court of Criminal Appeals affirmed the trial court’s dismissal of West’s Rule 32 petition, finding that West’s petition was precluded by the one-year limitations period in Rule 32.2(c), Ala. R.Crim. P., as amended. West v. State, 890 So.2d 205 (Ala.Crim.App.2003). On November 21, 2003, the Court of Criminal Appeals overruled West’s application for a rehearing. West then petitioned this Court for certiorari review. We hereby suspend the provisions of Rule 39(g) and (h), Ala. RApp. P., allowing the respondent to file a brief, and we summarily grant the writ.
This Court recently clarified our March 22, 2002, order amending Rule 32.2(c), Ala. R.Crim. P. See Ex parte Gardner, [Ms. 1030309, Jan. 27, 2004] —■ So.2d - (AIa.2004). In Gardner, this Court reasoned that “[b]eeause [the] triggering date occurred before July 31, 2001, [the petitioner] had two years from his triggering date in which to file his postconviction petition” and held that the petition was *211 timely. Like Gardner, West had two year's from his triggering date, February 23, 2001, within which to file his petition for postconviction relief. Thus, West’s petition filed on September 6, 2002, was timely.
Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the cause for proceedings consistent with this opinion.
WRIT GRANTED; REVERSED AND REMANDED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.